364 So.2d 57 (1978)
UNITED SERVICES AUTOMOBILE ASSOCIATION, Appellant,
v.
Richard E. KIIBLER, as Administrator of the Estate of Carol Sue Brown Kiibler, Deceased, et al., Appellees.
Nos. 77-2223, 77-2507.
District Court of Appeal of Florida, Third District.
November 7, 1978.
Rehearing Denied December 6, 1978.
Corlett, Merritt, Killian & Sikes, Greene & Cooper, Miami, for appellant.
Edward C. Vining, Jr. and Richard A. Burt, Walton, Lantaff, Schroeder & Carson and George W. Chesrow, Miami, for appellees.
Before BARKDULL and KEHOE, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
KEHOE, Judge.
Appellant, defendant below, brings these consolidated appeals from two orders entered by the trial court awarding attorneys' fees in favor of appellees. We reverse.
On December 26, 1974, Pamela Stockton, Carol Kiibler and Donald McCray were occupants of an automobile which was traveling at an excessive rate of speed. The car left the roadway, struck a bridge abutment, crossed a canal, and flipped over. Both Stockton and Kiibler were killed instantly. McCray suffered serious personal injuries. Simon Stockton, surviving husband of Pamela Stockton, filed a wrongful death case against Martinez, the alleged owner of the vehicle, McCray, the alleged driver of *58 the vehicle, and United Services Automobile Association (USAA), McCray's insurance company. Martinez filed an answer and cross-claim denying ownership of the vehicle at the time of the accident. USAA filed an answer and cross-claim for a declaratory judgment on the question of insurance coverage. It alleged that the car was not an insured vehicle under its policy. USAA answered Martinez's cross-claim by alleging that McCray owned the vehicle at the time of the accident. McCray denied the material allegations of the cross-claim.
Kiibler, the surviving husband of Carol Kiibler, also filed a wrongful death case. The defendants filed the same answers and cross-claims which were filed in Stockton's case.
McCray filed a declaratory judgment action to determine insurance coverage. USAA filed an answer and counterclaim in which it denied coverage and requested the trial court to adjudicate the coverage question.
These cases were consolidated. Stockton and Kiibler dropped Martinez as a party defendant.
USAA specifically denied coverage in each case on the grounds that the car was not an insured vehicle under the policy for which a premium had been paid and that it was not a temporary substitute automobile. USAA also moved to sever the coverage issue and to abate the death cases pending the coverage determination. This motion was denied.
Stockton and Kiibler filed motions for summary judgment on the coverage issues raised in USAA's pleadings. The trial court granted the motions and USAA appealed. McCray filed a motion for summary judgment in his declaratory judgment action. The trial court granted McCray's motion, and USAA appealed. These appeals were consolidated and this court affirmed the orders granting summary judgment on coverage.
The two death cases were brought to trial while the coverage appeals were pending. The trial lasted four days and ended with the jury awarding $40,000 to each estate, but nothing to the two husbands. Stockton and Kiibler moved for a new trial on damages, and the trial court granted the motions.
Before the cases were retried, both Stockton and Kiibler settled with McCray. The settlements provided that each of the estates would receive $50,000 and each of the husbands would receive $150,000. The settlements also provided that McCray would not be personally liable for payment of these sums. Instead, Stockton and Kiibler would look solely to USAA for payment.
After this court affirmed the trial court's coverage determination, McCray, Stockton, and Kiibler moved the trial court to award them reasonable attorneys' fees, pursuant to Section 627.428, Florida Statutes (1975), for the trial work which resulted from USAA's denial of coverage. Stockton amicably resolved the issue of his attorneys' fees with USAA. The trial court held evidentiary hearings on the attorneys' fees issues and, thereupon, awarded McCray $100,000 and Kiibler $45,000.
We have carefully reviewed the record in regard to Kiibler's award of attorneys' fees and have concluded that the trial court abused its discretion in making the award because it failed to differentiate, in considering the evidence, between the attorneys' time spent in working on the liability and coverage issues.[1]
It is well settled in this State that a successful tort claimant is not entitled to attorney's fees for litigating the tort-feasor's liability. The claimant is only entitled, pursuant to Section 627.428, to a reasonable fee for litigating the issue of insurance coverage. See, e.g., Wilder v. Wright, 278 So.2d 1 (Fla. 1973); Central National Insurance Co. v. Gonzalez, 295 So.2d 694 (Fla. 3d *59 DCA 1974); and Cincinnati Insurance Co. v. Palmer, 297 So.2d 96 (Fla. 4th DCA 1974).
Further, we have also carefully reviewed the record in regard to McCray's award of attorneys' fees and have concluded that the trial court abused its discretion in making the award because it was excessive in the light of the evidence contained in the record. An attorney who requests a court awarded fee has the burden of proving his entitlement to the fee. Also, in setting the fee, the trial court must, as we expressed in Dade County v. Oolite Rock Co., 348 So.2d 902 (Fla. 3d DCA 1977), and Dade County v. Oolite Rock Co., 311 So.2d 699 (Fla. 3d DCA 1975), take into account several factors in setting an award. In McCray's case, the trial court abused its discretion by failing to properly consider the factors set forth in the Oolite cases and by basing its award upon inadequate evidence.
Accordingly, for the reasons set forth above, the orders appealed, awarding attorneys' fees to McCray and Kiibler are reversed and the causes are remanded to the trial court for further proceedings to determine the appropriate amount of their attorneys' fees.
Reversed and remanded with instructions.
NOTES
[1] USAA stipulated with Kiibler's attorneys that it would not argue that Kiibler's attorneys were not entitled to any attorneys' fees because they represented a third part beneficiary. Appellant USAA concedes, in the light of this stipulation, that it is appropriate to adjudicate this case on the basis of the law which pre-dates Roberts v. Carter, 350 So.2d 78 (Fla. 1977) (third party beneficiary not entitled to attorney's fees under Section 627.428, Florida Statutes).