451 So.2d 974 (1984)
George Robert SALISBURY, Appellant,
v.
Michael R. SPIELVOGEL, Appellee.
No. 83-2352.
District Court of Appeal of Florida, Fourth District.
June 13, 1984.
Kenneth M. Jones of Moody & Jones, Fort Lauderdale, for appellant.
Val L. Osinski of Law Offices of Val L. Osinski, Coral Springs, for appellee.
DOWNEY, Judge.
This is an appeal from that aspect of an amended final judgment that awarded appellee, Spielvogel, an attorney's fee.
*975 Appellant, Salisbury, and appellee, Spielvogel, were two of seven parties who entered into a joint venture agreement for the acquisition, development, and construction of an office building complex. Spielvogel, as trustee, was to have sole discretion and responsibility in the development and construction of the project. The agreement provided that each of the venturers would buy space in the complex and would join in the execution and/or endorsement of the note and mortgage financing the project. The agreement also contained a provision relative to attorney's fees as follows:
"The parties hereto mutually acknowledge and agree that any documents requiring their signatures or any payments required to be made by them shall be accomplished within 10 days from the date they are notified in writing by the Trustee and failing which, the defaulting party's interest shall be subject to foreclosure by the non-defaulting parties hereto. Any costs incident to enforcing the terms hereof shall be charged to a defaulting party including reasonable attorney's fees."
Salisbury paid the purchase price for his portion of the space and then commenced suit against Spielvogel to recover what Salisbury claimed was an overcharge. Spielvogel denied liability and alleged affirmatively that Salisbury, who acted as general contractor, put extras into the space he ordered and was charged for the extras. In addition, Spielvogel filed a two-count counterclaim against Salisbury. Count I alleged that the mortgagee of the real property on which the project was built demanded the joinder on the mortgage note of all owners of space in the project and Salisbury refused to join, thereby breaching his duty under the joint venture agreement. Count I also alleged Salisbury was liable for attorney's fees under the agreement for refusal to perform "thereunder." Spielvogel asked the court to require Salisbury to join in or endorse the mortgage note and to pay attorney's fees. Count II sought (a) money damages for extras Salisbury had allegedly not paid for and (b) attorney's fees under the joint venture agreement. Salisbury's answer to the counterclaim denied liability under either count.
The jury returned a verdict for Spielvogel on Salisbury's complaint and on Count II of the counterclaim. In a bifurcated proceeding the court found in favor of Spielvogel on Count I of the counterclaim and ordered Salisbury to execute the mortgage note referred to in the counterclaim. Finally, the court awarded Spielvogel an attorney's fee of $3,400.
In a colloquy with counsel the trial judge stated that the contract provided for an allowance of attorney's fees for Spielvogel's claim involving specific performance but not for the defense of Salisbury's complaint or for Spielvogel's claim for damages. Yet in adducing evidence relative to the question of attorney's fees, the parties failed to separate the time and effort expended for the specific performance claim from the other claims and counterclaims. Therefore, the fee allowed was for the entire litigation. In seeking attorney's fees for services in litigation where the prevailing party may be entitled to fees for services regarding some of the issues but not others, the burden of proving entitlement to fees is upon the party claiming them. United Services Auto. Ass'n. v. Kiibler, 364 So.2d 57 (Fla.3d DCA 1978).
Since the fee allowed covered irrelevant issues, the portion of the final judgment that awarded Spielvogel a $3,400 attorney's fee is reversed and the cause is remanded for a new hearing on and award of attorney's fees for services rendered Spielvogel in prosecuting the counterclaim for specific performance.
REVERSED AND REMANDED, with directions.
ANSTEAD, C.J., and DELL, J., concur.