ORFINGER, Judge.
We reverse the order awarding attorney’s fees to appellees because there is no statutory or contractual basis which supports the award.
Mrs. Koske applied for a health insurance policy for herself and Mr. Koske and included a premium check with the application. United General accepted Mrs. Koske as an insured but rejected Mr. Koske on the basis of his hazardous occupation. The Koskes allegedly did not learn of the rejection until they sought policy benefits for Mr. Koske after he was injured. United General refused to pay policy benefits to Mr. Koske on the grounds that it had never issued an insurance policy covering him. Mr. Koske filed suit against United General for damages for United General’s alleged negligent failure to notify him of his rejection. United General filed a third party complaint against Mrs. Koske asserting she was contributorily negligent in failing to contact United General after a policy not covering Mr. Koske was delivered, on the grounds that Mrs. Koske was Mr. Koske’s agent in procuring insurance. Mrs. Koske then filed a third party counterclaim against United General alleging United General had breached its duty in failing to advise her of the status of the application. In his third amended complaint, Mr. Koske included a count for implied contract, but this count was dismissed on motion and was not refiled.
While awaiting a pre-trial conference on the issues raised in the remaining negligence count of Mr. Koske’s third amended complaint and Mrs. Koske’s third party counterclaim, United General settled with the medical provider whose bill had been the basis for the suit. With leave of court, *72 Mr. Koske filed a fourth amended complaint and Mrs. Koske amended her counterclaim, and in both pleadings the only relief requested was an award of attorney’s fees, claiming entitlement under section 627.428, Florida Statutes (1985), which permits the award of attorney’s fees upon the rendition of a judgment “... against an insurer and in favor of any named or omnibus insured ... under a policy or contract of insurance executed by the insurer....” The trial court entered a summary final judgment in favor of appellees and, by separate orders, awarded each appellee attorney’s fees.
It is clear from the record that no policy of insurance was ever issued or executed by the insurer covering Mr. Koske as an insured. Both appellees grounded their actions in tort, not in contract. Claimants in negligence actions are not entitled to attorney’s fees under this statute. See, e.g., Wilder v. Wright, 278 So.2d 1 (Fla.1973); United Services Automobile Ass’n v. Kii-bler, 364 So.2d 57 (Fla. 3d DCA 1978). Even if appellees are correct in their assertion that proof of an implied contract of insurance would entitle them to fees under this statute, a point we need not decide, there was no such contract plead or proved. Both orders awarding attorney’s fees are therefore
REVERSED.
SHARP, C.J. and COWART, J., concur.