COBB, Judge.
The issue on this appeal is whether the pleadings and discovery presented to the trial judge raised any justiciable issue of fact with respect to the action against the appellee, Lilly Chan.
In November of 1981, the appellant, Alice Zibell, sold a piece of real estate to John Childers, codefendant below, for the price of $210,000.00. The contract for sale and purchase, under “Special Clauses,” set out a breakdown for $165,000.00 of the purchase price to be paid by a series of four notes to be secured by a purchase money mortgage. Pursuant to the sales contract and addendum, the notes were to be paid as follows:
Note 1. $100,000.00 at 12% for 30 years with monthly payments of $1,028.61. Note 2. $15,000.00 due and payable October 31, 1986, including the interest $26,435.12.
Note 3. $25,000.00 due and payable October 31, 1991, including interest $77,-646.20.
Note 4. $25,000.00 due and payable October 31, 1996, including interest $136,-839.14.
(Numerical numbers for total payout derived by compounding interest as to Notes 2, 3 and 4).
The actual promissory notes that were prepared and recorded were simple interest notes with no mention of compounding interest anywhere on their face. The Zibell-Childers sales contract was never recorded as were the notes and mortgage deed.
Childers sold the real property to appel-lee (Chan), codefendant below, for $302,-000.00. The warranty deed from Childers to Chan stated that Chan’s purchase was subject to the mortgage to Zibell which Chan assumed and agreed to pay. In the Childers-Chan contract for sale, the breakdown under “Special Clauses” gave the interest rate and date of performance, but did not give a total payout figure as the previous Zibell-Childers contract had done.
Chan paid the second note of $24,000.00 between October 31, 1986, and November 10, 1986, which Zibell accepted and deposited. Chan was contacted by Zibell’s counsel (Morrison) by letter dated January 6, 1987, notifying her that the amount paid on the second note was an error in that the payout amount was supposed to be $26,435.13 and *709 that if the stated deficiencies were not paid by January 15,1987, the balance due on the mortgage would be accelerated. Chan’s counsel responded that it was his understanding that the note did not contain an express provision for the compounding of interest, and, as such, interest should be computed using the simple interest method. By a letter dated January 26, 1987, Zibell accelerated the alleged remaining balance due on her mortgage because of an alleged default. Sometime in this time period, Zi-bell’s counsel, Morrison, allegedly spoke with Childers and was told by Childers that Chan “knew about the problem with the interest on those notes.”
A complaint was filed by Zibell on March 5, 1987, against Chan and Childers, asking for damages against Childers in Count I, reformation of the notes and mortgage in Count II, and foreclosure of the mortgage in Count III as against Chan. Chan maintained the position that she had acquired the property in good faith, for value, and with neither actual nor constructive knowledge that compound interest might be due on the note she assumed. She relied on the written terms of the mortgage and notes in determining whether to purchase the property.
Childers’s contention before the trial court was that he gave copies of all his closing documents to his realtor to give to Chan. Childers, however, denied any statement to Zibell’s counsel concerning Chan’s knowledge. Chan, in her affidavit, denied having seen the Zibell-Childers contract for sale and purchase. Zibell’s deposition reveals that she had no personal knowledge that Chan had ever seen the Zibell-Childers contract. There was no evidence that prior to filing suit Zibell, or her attorney Morrison, ever (1) inquired of Childers’s realtor concerning communication of the Zibell-Childers closing documents to Chan; (2) were told by Chan that she had actual knowledge of the compound interest agreement; or (3) obtained any specific information from Childers as to what Chan knew, how she knew it, or when she knew it. Moreover, the record shows that Chan did inquire of Zibell’s counsel as to the status of the mortgage and was not advised of the compound interest problem.
The trial court, finding that Chan was a bona fide purchaser for value without notice, entered a summary judgment for Chan against Zibell and granted attorneys fees to her pursuant to section 57.105, Florida Statutes (1987). Zibell appeals the award of attorney fees.
We agree with Chan that Zibell’s action was frivolous and presented no justiciable issue of fact or law. Zibell filed suit with no competent evidence of Chan’s actual or constructive knowledge of the compound interest dispute between Zibell and Child-ers. The law of Florida is clear and well-settled that reformation or rescission of an instrument on the ground of mutual mistake of fact cannot be claimed against a third party bona fide grantee without notice. Holley v. May, 75 So.2d 696, 697 (Fla.1954).
The Florida Supreme Court in Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla.1982), stated that there must be a total or absolute lack of a justiciable issue tantamount to a finding that the action is frivolous or that the attempt to create a controversy is frivolous. The action must be devoid of merit and clearly untenable. Where a substantial justiciable question can be spelled out of the action, the action is not frivolous. Merely losing is not enough to invoke the operation of the statute. The Whitten court further stated that the purpose of section 57.105 is to discourage baseless claims. This court in Allen v. Dutton, 384 So.2d 171 (Fla. 5th DCA), review denied, 392 So.2d 1373 (Fla.1980), stated that in order to find a complete absence of a justiciable issue of either law or fact, a trial court must find that the action was so devoid of merit both on the facts and the law as to be completely untenable.
In the instant case, Zibell was not merely wrong on the merits. No law was in dispute and no facts were presented to the trial court in the form of .competent evidence that would have indicated to Zibell that Chan had actual or constructive knowledge of the compound interest totals con- *710 tamed in the Zibell-Childers sales contract. The record reflects recklessness on the part of Zibell for bringing an action against Chan. The mortgage foreclosure was unfounded and Chan was not subject to reformation of the note and mortgage.
The trial court’s decision to award Chan attorney’s fees pursuant to section 57.105 is affirmed as no legal or factual matter presented by Zibell was justiciable (i.e., appropriate for review by the trial court). The factual assertions, based on the evidence before the trial judge, were entirely devoid of even arguable substance. Since the action below was frivolous, as found by the trial court, it follows, a fortiori, that Zibell’s appeal of that order also entitles Chan to attorney fees pursuant to section 57.105.
AFFIRMED.
SHARP, C.J. and DAUKSCH, J., concur.