PETERSON, Judge.
Alonzo Wright seeks a writ of certiorari to review a circuit court order requiring him to *1301 submit to a blood test. The order was issued in a second paternity action that was filed by the Department of Health and Rehabilitative Services four years after it had voluntarily dismissed a previous paternity action involving the same parties and in which Wright had submitted to an HLA (Human Leukocyte Antigen) blood test. The respondent was given the opportunity to show cause why the writ should not be issued, but it failed to do so. We grant the application for the writ and quash the order requiring the blood testing.
HRS filed on behalf of Elaine Darling in 1986 a petition to determine paternity of her child, alleging that Wright was the father. Wright underwent HLA testing, the results of which excluded him as the father. The action was then voluntarily dismissed by HRS.
In 1992 Darling prevailed upon HRS to file a second action to determine that Wright was the father of her child and Wright affirmatively alleged the previous 1986 action. HRS responded by admitting the prior HLA testing but alleged that a DNA test would be more scientifically accurate. The trial court ordered additional blood testing but did not specify the type of test to be performed.
Chapter 742, Florida Statutes (1991) sets forth the procedure to be followed to determine the paternity of a child born out of wedlock. Section 742.12(1) requires the child, mother and father to submit to Human Leukocyte Antigen (HLA) tests or other scientific tests that are generally acceptable. The subsection further requires that “[i]f the HLA test results show the alleged father cannot be the biological father, the case shall be dismissed with prejudice.” (Emphasis added). In the instant case, apparently HRS voluntarily dismissed the case before the court had an opportunity to dismiss it with prejudice.
If Darling was as adamant at the time of the original paternity proceeding as she is currently, that Wright is the father of the child, she could possibly have prevailed upon HRS to dispute the original HLA test results under section 742.12(2) and seek an additional test at that time by requesting the court to order one. Instead the action was dismissed and she waited four years to now seek an additional test without alleging any dispute over the original test. She alleges only that a DNA test would be more reliable, a conclusion that is not recognized by the legislative directives of Chapter 742.
Normally, the first voluntary dismissal of a civil action is without prejudice pursuant to Florida Rules of Civil Procedure 1.420(a)(1). However, to allow a voluntary dismissal in a paternity action after the negative results of a court-ordered HLA test is known by the parties is contrary to the legislative directive to the court to dismiss the action with prejudice.
Since HRS chose to dismiss the action after the result of the HLA test was known, rather than allow the court to enter its order of dismissal with prejudice, the voluntary dismissal was tantamount to a dismissal with prejudice by the court and is res judicata to any subsequent proceeding. The plain language of the statute requires such a result.
WRIT GRANTED.
HARRIS, C.J., and DAUKSCH, J., concur.