655 So.2d 1264 (1995)
Garish BRAHMBHATT, as Personal Representative of the Estate of Munish Brahmbhatt, Appellant,
v.
ALLSTATE INDEMNITY COMPANY, Appellee.
No. 94-0830.
District Court of Appeal of Florida, Fourth District.
May 31, 1995.
Rehearing Denied May 12, 1995.
*1265 Clifford M. Miller of Clifford M. Miller, Chartered, Vero Beach, for appellant.
John F. Colowich, Vero Beach, for appellee.
KLEIN, Judge.
We withdraw the opinion filed April 5, 1995 and substitute the following opinion.
In Treat v. State ex rel. Mitton, 121 Fla. 509, 163 So. 883 (1935), our supreme court defined a frivolous appeal as follows:
A frivolous appeal is not merely one that is likely to be unsuccessful. It is one that is so readily recognizable as devoid of merit on the face of the record that there is little, if any, prospect whatsoever that it can ever succeed. See Hopkinson v. Kennedy, 225 Mass. 231, 114 N.E. 204 (1916). It must be one so clearly untenable, or the insufficiency of which is so manifest on a bare inspection of the record and assignments of error, that its character may be determined without argument or research. (Footnote omitted).
Although appellee has not requested this relief, we have determined that the issue raised is so lacking in merit as to be frivolous on its face, and we therefore remand to the trial court with directions that appellate costs and attorney's fees be assessed pursuant to section 57.105, Florida Statutes. See Heilman v. Amerifirst Sav. & Loan, 507 So.2d 732 (Fla. 4th DCA) rev. denied, 518 So.2d 1275 (1987).
Appellant appeals a summary judgment determining that UM coverage did not apply to an incident in which the insured was murdered. The undisputed facts reflect that the insured stopped while driving his vehicle in order to assist some people whom he saw stopped beside the highway with a disabled vehicle. After the decedent got out of his vehicle, they forced him into some bushes at gunpoint, shot him to death, and drove off with his vehicle.
In Race v. Nationwide Mutual Fire Insurance Co., 542 So.2d 347, 351 (1989), the insured was rear-ended while stopped at a light, and after getting out of his car he was assaulted and injured by the motorist who rear-ended him. The insured sought UM coverage for the injuries arising out of the assault, and our supreme court concluded:
Clearly, the connection between Race's injury and Thompson's motor vehicle was too tenuous to provide UM coverage.
Appellant does not argue that Race is incorrect, or that we should ask our supreme court to revisit it,[1] but rather cites it as authority to support his position. Considering that every member of our supreme court agreed that there was "clearly" no UM coverage in Race, just three years prior to the filing of this suit, and that there is even less of a relationship between the assailant's vehicle and the incident in this case than there was in Race, we conclude that this appeal is frivolous.
We therefore affirm and direct the trial court to award appellate attorney's fees and costs under section 57.105, Florida Statutes.
WARNER and SHAHOOD, JJ., concur.
NOTES
[1] Florida Bar rule 4-3.1 provides:

A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous, which includes a good faith argument for an extension, modification, or reversal of existing law.