679 So.2d 1191 (1996)
DEPARTMENT OF REVENUE on Behalf of Beverly GLOVER, Appellant,
v.
William SMATT, Appellee.
No. 95-985.
District Court of Appeal of Florida, Fifth District.
July 19, 1996.
Rehearing Denied September 24, 1996.
*1192 Robert A. Butterworth, Attorney General, Tallahassee, and Barbara A. Ard, Assistant Attorney General, Tampa, and Joanna B. Garrett and Charles L. Carlton of Carlton & Carlton, P.A., Lakeland, for Appellant.
Gregory Esposito, Coral Springs, for Appellee.
THOMPSON, Judge.
The Department of Revenue ("DOR") on behalf of Beverly Glover appeals the order dismissing its complaint in a paternity action. DOR filed the second paternity action after DOR's predecessor, the Department of Health and Rehabilitative Services ("HRS"), voluntarily dismissed the first paternity action involving the same parties. We hold the voluntary dismissal of the first paternity action was equivalent to a dismissal with prejudice by the trial court. We affirm the trial court's order and remand for the imposition of attorney's fees and costs.
HRS filed a complaint on behalf of Beverly Glover to determine the paternity of her child. HRS alleged that William Smatt was the father and requested that the parties submit to a Human Leucocyte Antigen ("HLA") blood test. The parties complied and the test revealed that Smatt could not be the father. The laboratory that conducted the test concluded that "the alleged father [Smatt] can not be the biological father of the child." HRS then voluntarily dismissed the action.
DOR filed a second action against Smatt more than one year after HRS dismissed the first paternity action. In the second complaint, DOR requested that the parties submit to a Deoxyribonucleic Acid ("DNA") test because it was more reliable than an HLA test. Smatt filed a motion to dismiss alleging, among other things, that the issue had been litigated previously and was res judicata. In dismissing, the trial court stated:
The court interprets Florida Statute 742.12(4) as indicated under case law as directory not mandatory language for the testing of an alleged father after the first blood test has shown that the alleged father is not the biological father of the minor child, upon a showing by the Petitioner that the first test was determined through some mistake, inadvertence or impropriety on the part of the testing agency.
The trial court was correct in entering a dismissal. DOR wanted a DNA test conducted because it was more accurate than the HLA test, but this is not a valid basis for the request under the statute. A party may move for a retest if the results are disputed. See § 742.12(4), Fla. Stat. (1994 Supp.). Cf. Vidal v. Rivas, 556 So.2d 1150 (Fla. 3d DCA 1990) (holding that it was not an abuse of discretion to deny an additional test when the determination of paternity would have been the same.)
The allegation that a DNA test is more accurate is not a basis for a second paternity complaint. In Wright v. Department of Health and Rehabilitative Servs. o/b/o Darling, 627 So.2d 1300 (Fla. 5th DCA 1993), HRS attempted to file a second paternity complaint after voluntarily dismissing the first complaint based on the negative results of the HLA test. Id. at 1300. The test indicated that Wright could not be the father. HRS alleged in their second complaint that it wanted the parties to submit to a DNA test because it was more reliable.
This court recognized that Florida Rule of Civil Procedure 1.420(a)(1) provides that a party's first voluntary dismissal in a civil action is without prejudice. However, this court noted that to allow the voluntary dismissal of a paternity action, after the result of a blood test failed to prove the existence of a biological relationship, is "contrary to the legislative directive to the court to dismiss the action with prejudice." Id. at 1301. We find the facts in Wright and the facts in this case to be identical, and therefore, we quash the trial court's order.
We also hold this to be a frivolous appeal and remand for the imposition of attorney's fees pursuant to section 57.105, Florida Statutes. There are several reasons for our decision. First, DOR was aware of Wright during the trial proceedings. Smatt's attorney cited and argued the case before the trial court. Yet, DOR continued to argue *1193 that the filing of the second complaint was appropriate. Additionally, after evaluating the genetic markers, the laboratory wrote it was genetically impossible for Smatt to be the father of the child. DOR was also aware that if the test results showed that the alleged father could not be the biological father, the case "would be dismissed with prejudice." § 742.12(4), Fla. Stat. Even though DOR knew scientifically that it was impossible for Smatt to be the father, it continued with the litigation requiring Smatt to hire an attorney and participate in supplemental court proceedings including an appeal.
After reviewing the facts of this case, the case law and the actions of the DOR, we find this appeal has no merit and it was apparent at the time the appeal was filed. Morrone v. State Farm Fire and Cas. Ins. Co., 664 So.2d 972 (Fla. 4th DCA 1995); Brahmbhatt v. Allstate Indem. Co., 655 So.2d 1264 (Fla. 4th DCA 1995). We affirm the order of the trial court and remand with instructions that the complaint against Smatt be dismissed with prejudice and that the trial court determine appropriate appellate attorney's fees and costs.
AFFIRMED; REMANDED with instructions.
DAUKSCH and ANTOON, JJ., concur.