ON MOTIONS FOR APPELLATE REVIEW OF LOWER TRIBUNAL’S ORDER DISALLOWING LOST INTEREST ON CASH BOND POSTED ON APPEAL

and

FOR APPELLATE REVIEW AND FOR NULLIFICATION OF PREVIOUS AWARD OF APPELLATE ATTORNEY’S FEES AND COSTS

W. SHARP, Judge.
Rehman has filed motions seeking review of an order rendered by the trial court regarding costs and an order awarding attorney’s fees against Rehman. The attorney’s fee award was made pursuant to this court’s mandate in an earlier appeal (Appeal No. 95-1758). The cost-award order was rendered after this court reversed a decision of the trial court, which had awarded attorney’s fees and costs to the appellee, ECC International Corporation, 698 So.2d 921 (Fla. 5th DCA 1998) (Appeal No. 97-409). We have jurisdiction. See Fla. R.App. P. 9.400(c).
In appeal number 97-409, the trial court ruled that Rehman was not entitled to recover interest lost on a cash bond, which Reh-man had posted pending the appeal. Florida Rule of Appellate Procedure 9.400(a) provides a list of costs that can be taxed in favor of the prevailing party, in the discretion of the trial court. It provides:
Costs shall be taxed in favor of the prevailing party unless the court orders otherwise. Taxable costs shall include:
(1) fees for filing and service of process;
(2) charges for preparation of the record;
(3) bond premiums; and
*753 (f) other costs permitted by law.
Rehman argues that lost interest on a cash bond is analogous to a bond premium, which is a recoverable cost. See Lone Star Industries, Inc. v. Liberty Mutual Ins. Co., 688 So.2d 950 (Fla. 3d DCA), rev. denied, 698 So.2d 889 (Fla.1997). However, lost interest does not appear to be recoverable. See Baya v. Revitz, 368 So.2d 44 (Fla. 3d DCA 1978). Courts do not allow as taxable costs interest which theoretically accrued on other kinds of costs expended by a party to an appeal, such as the payments for transcripts, depositions, exhibits and the like. Without an express authorization in the rules to treat theoretical lost interest on a cash bond posted by an appellant, we agree it should not be a taxable cost.
In addition, Rehman seeks to nullify this court’s award of appellate attorney’s fees in appeal number 95-1758, which was granted on April 17, 1996. Rehman argues that the present decision rendered by this court in appeal number 97-409 held that ECC was not entitled to attorney’s fees under the Whistleblower Act and therefore ECC should not have been entitled to an award of attorney’s fees in the earlier appeal, Case No. 95-1758. Aside from the fact that we lack jurisdiction to reconsider and recede from the earlier award of attorney’s fees, since the mandate in that case issued more than one year ago,[1] it appears that the prior award was based not on the Whistleblower Act, but on the fact that the prior appeal was frivolous.[2], Thus, the award of appellate attorney’s fees in that case has nothing to do with the disallowment of attorney’s fees in this appeal (97-409).
Motions for Review DENIED.
HARRIS and ANTOON, JJ., concur.

. See Judges of Eleventh Judicial Circuit In and For Dade County v. Janovitz, 635 So.2d 19 (Fla.1994); State Farm Mut. Auto. Ins. Co. v. Judges of Dist. Court of Appeal, Fifth Dist., 405 So.2d 980 (Fla.1981); Olde MacDonald's Farms Inns Corp. v. McDill Columbus Corp., 476 So.2d 315 (Fla. 5th DCA 1985).

. See § 57.105, Fla. Stat; Department of Revenue on Behalf of Glover v. Smatt, 679 So.2d 1191 (Fla. 5th DCA 1996); Brahmbhatt v. Allstate Indemn. Co., 655 So.2d 1264 (Fla. 4th DCA 1995); Sykes v. St. Andrews School, 625 So.2d 1317 (Fla. 4th DCA 1993); Zibell v. Chan, 535 So.2d 708 (Fla. 5th DCA 1988).