716 So.2d 315 (1998)
Wallace R. PLAPINGER, etc., et al., Appellants,
v.
EASTERN STATES PROPERTIES REALTY CORP., etc., Appellee.
No. 97-3280.
District Court of Appeal of Florida, Fifth District.
July 31, 1998.
*316 Alfred Aronovitz, Miami, for Appellants.
John H. Bill and Janet M. Lower of Godbold, Downing, Sheahan & Battaglia, P.A., Winter Park, for Appellee.
W. SHARP, Judge.
Wallace R. Plapinger, Alan Plapinger and Mervyn Platt, individually and d/b/a Eastern States Properties ("Eastern"), appeal from a final judgment which awarded $21,171.50 in attorney's fees to Eastern States Properties Realty Corporation ("Realty"). The fees were based on a provision in a written real estate brokerage commission contract executed December 15, 1993, which expressly provided for attorney's fees.[1] However, only two of the six counts in the complaint related to that written contract. The trial court found the counts were too interrelated to allow it to separate out an appropriate amount of the attorney's fees recoverable under the written contract. We disagree.
In this case, the record shows without dispute that four of the six counts in the complaint filed by Realty against Eastern involved claims or causes of action unrelated to the written contract and there was no basis for an award of attorney's fees as to the unrelated counts. Count I was for breach of the written brokerage agreement. Counts II *317 and III were for breach of an oral contract by Eastern to pay commissions for Realty's procurement of tenants for shopping centers different than the one involved in Count I. Counts V and VI were for unjust enrichment for the rentals Eastern has received at shopping centers different than the one in Count I. However, Count IV was for unjust enrichment for receipt of rentals from the same shopping center involved in Count I. The counterclaim asserted by Eastern against Realty involved its right to recover "loans" made to Realty over a different time period than the written contract: May 1990 through May 1991.
After a non-jury trial, the court found that Realty was entitled to commissions totalling $76,128.29, and that Eastern did not make Realty a loan.[2] The trial court reserved ruling on attorney's fees. It said:
If it can be shown where efforts were made, as far as time is concerned by [Realty's attorney], on these others that would not involve Heilig-Meyers [the written contract], I'll be glad to try and parcel out that amount. It would seem to me that the theory of recovery and of the suit was pretty much intertwined among all four, so that the hours themselves would probably be compensable for the entire litigation. But I don't mind trying to parcel it out if, in fact, you-all can demonstrate it should be.
The hearing on attorney's fees was held on October 16, 1997. One expert witness testified for Realty that all of the counts were interrelated, and that he was unable to tell from the attorney's files what time had been spent on which count or defense. The expert witness for Eastern testified that he also had been unable to separate out from the files and billing records what time was spent trying each count and defense of the counterclaim. However, he did not think the causes of action were interrelated except for counts I and IV. He testified that based on his review of the file, that a reasonable fee for trying counts I and IV, the only ones related to the written agreement, was $8,250.00.
Under the so-called "American Rule," attorneys' fees may only be awarded by contract or by statute. Dade County v. Pena, 664 So.2d 959 (Fla.1995); Rehman v. ECC International Corp., 698 So.2d 921 (Fla. 5th DCA 1997), rev. denied, 707 So.2d 752 (1998); Florida Life Insurance Co. v. Fickes, 613 So.2d 501 (Fla. 5th DCA 1993). Here, Realty sought recovery for three contractsone written contract and two oral contracts. All pertained to procuring tenants for Eastern's shopping centers. The written agreement was executed in December 1993 and the oral agreements were entered into "on or about May 19, 1990 to the present." The contracts involved different shopping centers and different tenants. Since they were separate transactions, Realty could have brought three separate suits against Eastern and could have prevailed on some but not others.
Only the written agreement had an attorneys' fee provision. Thus attorney's fees should only have been awarded for the legal work associated with that claim. See Folta v. Bolton, 493 So.2d 440 (Fla.1986) (where multiple claims, upon which a single medical malpractice action is predicated, are separate and distinct and would support an independent action, each party should recover attorneys' fees for those claims on which he prevails); Lochrane Engineering, Inc. v. Willingham Realgrowth Investment Fund, Ltd., 563 So.2d 719 (Fla. 5th DCA), cause dismissed, 574 So.2d 145 (Fla.1990) (where plaintiff sued defendant on three theories, one in tort, one based on implied warranty and one based on breach of an express contract which provided for attorneys' fees to the prevailing party, the defendant who prevailed on the express contract count was entitled to attorneys' fees even though plaintiff recovered on his implied warranty theory; plaintiff's tort claim and claim on implied warranty did not arise out of the written contract for purposes of awarding attorneys' fees).
To support the award of attorneys' fees, Realty argues that all counts of its amended complaint were interwoven and intermingled because they arose out of the same transaction or set of facts. Had this case involved only one transaction or set of facts which *318 gave rise to different theories of recovery, then Realty may have been entitled to all of its fees. See LaFerney v. Scott Smith Oldsmobile, Inc., 410 So.2d 534 (Fla. 5th DCA 1982) (trial court abused its discretion in awarding only one-fifth of attorneys' fees requested where the plaintiff prevailed on one count of a five-count complaint; evidence showed that there was only one transaction or set of facts which gave rise to all five counts and proof of the successful count involved proof of the other counts). However, here the counts involved three separate transactions.
Realty also argues that it was entitled to fees for defense of the counterclaim because those issues were also interrelated and interwoven with its claim. Had it been necessary to defend the counterclaim in order to prevail on its written contract, then Realty's argument would have merit. See Regency Homes of Dade, Inc. v. McMillen, 689 So.2d 1204 (Fla. 3d DCA 1997) (where homeowners filed suit against contractor and contractor filed a counterclaim for foreclosure of a construction lien against the homeowners' property, trial court was not required to apportion attorneys' fee award to prevailing homeowner among various claims and counterclaims where the issues involved in defending against the construction lien claim were intertwined with the remaining issues in the case and attorneys' time could not be reasonably apportioned). Here Eastern's counterclaim was "permissive" and in fact had nothing to do with Realty's complaint. Had Eastern prevailed on its counterclaim, that fact alone would not have defeated Realty's claims. It would have simply meant that Eastern would have recovered slightly more than Realty.
The party asserting a right to attorney's fees under a written contract has the burden not only of demonstrating its general right of recovery, but also the reasonable amount due for asserting or defending the contract right.[3] It is also that party's burden to demonstrate what portion of time or effort was expended in the lawsuit involving the defense of, or recovery on the contract, which allows for recovery of attorney's fees, if there are other separate transactions or counts litigated at the same time for which an award of attorney's fees is not appropriate.[4] Realty failed to do that in this case.
Realty's attorney's billing records and files did not separate out the attorney's time and effort spent on the respective separate counts and the defense of the counterclaim. Thus perhaps the only way of unraveling this puzzle was for an expert witness to testify in his or her opinion what was a reasonable time apportionable to those counts for which an attorney's fee could be awarded. That was done in this case by Eastern's expert. Realty offered no counter-evidence. Thus we think this record supports only an award of $8,250.00 in attorney's fees for Realty.
Accordingly, we modify the judgment appealed by reducing the attorney's fee award from $21,171.50 to $8,250.00 and affirm the balance of the judgment as rendered.
AFFIRMED as modified.
GOSHORN and HARRIS, JJ., concur.
NOTES
[1] "In the event an action is commenced to enforce the right of Eastern States Properties Realty Corp. to its lease commissions, the undersigned [Eastern States Properties] hereby agrees to pay to Eastern States Properties Realty Corp. reasonable attorney's fees and expenses." (App.19).
[2] This order was affirmed per curiam. Plapinger v. Eastern States Properties Realty Corp., Case No. 97-2123, 711 So.2d 559 (Fla. 5th DCA Apr.28, 1998).
[3] Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985); Salisbury v. Spielvogel, 451 So.2d 974 (Fla. 4th DCA 1984).
[4] Hamilton v. Palm Chevrolet-Oldsmobile, Inc., 388 So.2d 638 (Fla. 2d DCA 1980); United Services Automobile Ass'n v. Kiibler, 364 So.2d 57 (Fla. 3d DCA 1978).