737 So.2d 600 (1999)
AUTO OWNERS INSURANCE CO., Appellant,
v.
TRIPP CONSTRUCTION, INC., Appellee.
No. 99-166.
District Court of Appeal of Florida, Third District.
July 14, 1999.
Denise V. Powers, Coral Gables, for appellant.
Freshman, Freshman & Traitz and Jerald A. Freshman, Miami and Jay M. Levy, Miami, for appellee.
Before NESBITT, JORGENSON, and LEVY, JJ.

ON MOTION FOR REHEARING AND/OR CLARIFICATION GRANTED
PER CURIAM.
The Opinion filed by this Court on June 9, 1999, is vacated and this Opinion is substituted in its place.
*601 This is an appeal from a non-final trial court Order granting Appellee's, Tripp Construction, Inc. ("Tripp"), Motion for Summary Judgment and its finding that Appellant, Auto Owners Insurance Company ("Auto Owners Insurance"), owes Tripp the duty to defend in the class action Complaint brought by the plaintiff homeowners ("the homeowners").
The homeowners brought suit against Tripp, a general contractor, for construction defects in their homes. Auto Owners Insurance, Tripp's insurer, denied that the damages claimed by the homeowners were covered by the comprehensive general liability policy issued to Tripp and thereby refused to defend Tripp. Tripp brought a declaratory action against Auto Owners Insurance seeking a determination of coverage. Both Tripp and Auto Owners Insurance moved for summary judgment. The trial court found that a fair reading of the allegations indicated there was coverage for at least part of the claim and granted Tripp's Motion for Summary Judgment. Auto Owners Insurance appeals, arguing that the language in the class action Complaint is insufficient to either create liability on the part of the insurance company or to require the insurance company to defend Tripp in the lawsuit filed by the homeowners.
In order for the duty of Auto Owners Insurance to defend Tripp to arise, the allegations contained within the four corners of the Complaint filed by the homeowners must set forth a cause of action that seeks recovery for the type of damages that are covered by the insurance policy in question. Home Owners Warranty Corp. v. Hanover Ins. Co., 683 So.2d 527 (Fla. 3d DCA 1996). Comprehensive general liability insurance policies, like the insurance policy in question here, only protect against personal injury or damages to personal property which might result from the defective workmanship. LaMarche v. Shelby Mutual Ins. Co., 390 So.2d 325, 326 (Fla.1980). The policy does not afford coverage for the repair of the defective workmanship itself. LaMarche, 390 So.2d at 326-27.
For coverage and the duty to defend to arise, the Complaint would have to allege that there was damage to some personal property, or bodily injury to a person, that resulted from the defective workmanship. See LaMarche, 390 So.2d at 326; Home Owners Warranty Corp. v. Hanover Ins. Co., 683 So.2d 527, 528-29 (Fla. 3d DCA 1996).
The record in this case makes it clear that the trial judge bifurcated these class-action lawsuits into two totally separate phases. The first phase dealt with the claims of the homeowners against the construction company for damages that the homeowners suffered in connection with repairs and/or replacing, etc., the actual defects in the construction of the homes, particularly relating to the roofs of the homes. As to the first phase of the litigation, relating to the foregoing, the type of damages being sought are not of the type covered by the policy in question and, consequently, the appellant has no duty to cover or defend those claims.
However, the trial court ruled that a second phase of the litigation would relate to the claims that each of the individual homeowners had against the construction company in connection with "damages to the subject property including damage caused by construction defects to other elements of the subject homes and cost of repair." (emphasis supplied). Here, the trial court correctly held that the foregoing quoted language, which was added to the plaintiff's Complaint by virtue of the court granting the plaintiff's Motion to Amend By Interlineation, related to personal property damage of the type that would be covered by the policy issued by Auto Owners Insurance Company, the appellant herein, to Tripp Construction, Inc., the appellee. The judge's ruling concerning the bifurcation of the issues further provided that the personal property damage claims, involved in Phase Two of the litigation, *602 would be heard in a series of "minitrials" to be held by the court at some point after the conclusion of the trial of the issues listed in Phase One.
Since we agree that the above described amendment sets forth a claim for damages to personal property that is covered by the provisions of the insurance policy at issue, the appellant herein does have the obligation to provide both coverage and a defense to the appellee in connection with the claims and issues tried in the various "mini-trials" that may be held in Phase Two.
Accordingly, we affirm the Order granting Tripp's Motion for Summary Judgment as to Phase Two of the litigation, but we reverse the Order granting Tripp's Motion for Summary Judgment and remand the matter to the trial court with directions to grant the Motion for Summary Judgment filed by Auto Owners Insurance Company as to Phase One of the litigation.
Affirmed in part and reversed in part, with directions.