779 So.2d 558 (2001)
ROCKLEDGE MALL ASSOCIATES, LTD., et al., Appellants,
v.
CUSTOM FENCES OF BREVARD, INC., Appellee.
No. 5D00-231.
District Court of Appeal of Florida, Fifth District.
February 16, 2001.
*559 Stewart B. Capps of Stewart B. Capps, P.A., Indialantic, for Appellants.
Lisa Hogreve of Frese, Nash & Hansen, P.A., Melbourne, for Appellee.
PLEUS, J.
This appeal is a companion to Case No. 5D99-3084 involving the same parties. In this case, it is argued that the trial court abused its discretion by not apportioning attorney's fees which Custom Fences incurred in the trial of a claim for breach of contract and a separate claim for tortious interference. We agree.
In Case No. 5D99-3084, Custom Fences prevailed at trial on the breach of contract claim and the tortious interference claim. We reversed the trial court's judgment on the tortious interference count and directed that a judgment for Rockledge Mall and Mr. Palumbo be entered on the tortious interference claim.
Both sides concede that Custom Fences is entitled to attorney's fees as the prevailing party on the claim for breach of a written contract which contains a provision for attorney's fees. Clearly, no attorney's fees can be awarded on the tortious interference claim.
The trial court awarded Custom Fences $30,067.50, which covered work on both claims. There was no allocation between the work performed on the breach of contract and the tortious interference claims.
This court held in Plapinger v. Eastern States Properties Realty Corp., 716 So.2d 315 (Fla. 5th DCA 1998), that the party seeking attorney's fees on multiple claims, one of which is a claim based on a written contract, has an affirmative burden to demonstrate what portion of the effort was expended on the claim which allowed attorney's fees.
The contract claim and the tortious interference claim were separate and distinct causes of action rather than alternative theories of recovery for the same wrong. We therefore remand the issue of attorney's fees to the trial court to take testimony on the possible allocation of fees between the two claims and the entry of an attorney's fees award for the breach of contract claim only.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
GRIFFIN, J., and ORFINGER, M., Senior Judge, concur.