PER CURIAM.
An insurer appeals a final judgment awarding attorney’s fees to an insured. Our opinion in Auto Owners Insurance Co. v. Tripp Construction, Inc., 737 So.2d 600 (Fla. 3DCA 1999) (hereinafter Tripp I), sets out the facts and also demonstrates why the order under review must be reversed.
This is an appeal from a non-final trial court Order. granting Appellee’s, Tripp Construction, Inc. (“Tripp”), Motion for Summary Judgment and its finding that Appellant, Auto Owners Insurance Company (“Auto Owners Insurance”), owes *1158 Tripp the duty to defend in the class action Complaint brought by the plaintiff homeowners (“the homeowners”).
The homeowners brought suit against Tripp, a general contractor, for construction defects in their homes. Auto Owners Insurance, Tripp’s insurer, denied that the damages claimed by the homeowners were covered by the comprehensive general liability policy issued to Tripp and thereby refused to defend Tripp. Tripp brought a declaratory action against Auto Owners Insurance seeking a determination of coverage. Both Tripp and Auto Owners Insurance moved for summary judgment. The trial court found that a fair reading of the allegations indicated there was coverage for at least part of the claim and granted Tripp’s Motion for Summary Judgment. Auto Owners Insurance appeals, arguing that the language in the class action Complaint is insufficient to either create liability on the part of the insurance company or to require the insurance company to defend Tripp in the lawsuit filed by the homeowners.
In order for the duty of Auto Owners Insurance to defend Tripp to arise, the allegations contained within the four corners of the Complaint filed by the homeowners must set forth a cause of action that seeks recovery for the type of damages that are covered by the insurance policy in question. Home Owners Warranty Corp. v. Hanover Ins. Co., 683 So.2d 527 (Fla. 3d DCA 1996). Comprehensive general liability insurance policies, like the insurance policy in question here, only protect against personal injury or damages to personal property which might result from the defective workmanship. LaMarche v. Shelby Mutual Ins. Co., 390 So.2d 325, 326 (Fla.1980). The policy does not afford coverage for the repair of the defective workmanship itself. LaMarche, 390 So.2d at 326-27.
For coverage and the duty to defend to arise, the Complaint would have to allege that there was damage to some personal property, or bodily injury to a person, that resulted from the defective workmanship. See LaMarche, 390 So.2d at 326; Home Owners Warranty Corp. v. Hanover Ins. Co., 683 So.2d 527, 528-29 (Fla. 3d DCA 1996).
The record in this case makes it clear that the trial judge bifurcated these class-action lawsuits into two totally separate phases. The first phase dealt with the claims of the homeowners against the construction company for damages that the homeowners suffered in connection with repairs and/or replacing, etc., the actual defects in the construction of the homes, particularly relating to the roofs of the homes. As to the first phase of the litigation, relating to the foregoing, the type of damages being sought are not of the type covered by the policy in question and, consequently, the appellant has no duty to cover or defend those claims.
However, the trial court ruled that a second phase of the litigation would relate to the claims that each of the individual homeowners had against the construction company in connection with “damages to the subject property including damage caused by construction defects to other elements of the subject homes and cost of repair.” (emphasis supplied). Here, the trial court correctly held that the foregoing quoted language, which was added to the plaintiff’s Complaint by virtue of the court granting the plaintiffs Motion to Amend By Interlineation, related to personal property damage of the type that would be covered by the policy issued by Auto Owners Insurance Company, the appellant herein, to Tripp Construction, Inc., *1159 the appellee. The judge’s ruling concerning the bifurcation of the issues further provided that the personal property damage claims, involved in Phase Two of the litigation, would be heard in a series of “mini-trials” to be held by the court at some point after the conclusion of the trial of the issues listed in Phase One.

Since we agree that the above described amendment sets forth a claim for damages to personal property that is covered by the provisions of the insurance policy at issue, the appellant herein does have the obligation to provide both coverage and a defense to the ap-pellee in connection with the claims and issues tried in the various “mini-trials” that may be held in Phase Two.

Accordingly, we affirm the Order granting Tripp’s Motion for Summary Judgment as to Phase Two of the litigation, but we reverse the Order granting Tripp’s Motion for Summary Judgment and remand the matter to the trial court with directions to grant the Motion for Summary Judgment filed by Auto Owners Insurance Company as to Phase One of the litigation.
Affirmed in part and reversed in part, with directions.
(Emphasis added.)
After the trial court entered its Order in Accordance with the Appellate Mandate, Tripp Construction, Inc. moved for attorney’s fees. Tripp divided its claim into four categories. Category One involved attorney’s fees incurred from service of the plaintiffs’ lawsuit upon Tripp until the date of the order granting interlineation. Category Two involved attorney’s fees from the date of the order granting interlineation until the notice of appearance. Category Three involved the time spent between the notice of appearance and the date of the order certifying the class. The last category consisted of the time spent after the order on class certification. In this appeal, Auto Owners Insurance Company challenges the award of the Category One fees.
At the fees hearing, Auto Owners argued that the inter-lineation to the first amended complaint was the operative document triggering the duty to defend, and there was no duty to defend prior to this document. Tripp’s counsel maintained that the trial court had held that “economic damages,” as stated in the original complaint, included personal property, and thus, Tripp could seek fees from the inception of the suit. The trial court agreed with Tripp and concluded that Tripp was entitled to an award of attorney’s fees from the date of receipt of the lawsuit.
The trial court thereafter considered whether Tripp was due attorney’s fee for proving its entitlement to fees. Auto Owner’s position at the hearing was that certain hours were inappropriately included in Tripp’s time request. Ultimately, the trial court found that Tripp was entitled to reasonable attorney’s fees from the date of service of the underlying lawsuit until the date of the order of interlineation in the amount of $58,525, as well as $24,550, for services rendered in establishing entitlement to the fees.
We conclude that based on the clear language of Tripp I, as set forth above, the trial court erred as a matter of law in awarding the insured attorney’s fees from the service of the original complaint. It is clear that the interlineation should have been determined to be, the triggering event. We simply cannot understand how a fees claim based on a duty to defend could arise until such a duty arose. See United Servs. Auto. Ass’n v. Kiibler, 364 So.2d 57 (Fla. 3d DCA 1978)(concluding that a successful tort claimant is not entitled to attorney’s fees for litigating the tortfeasor’s liability; claimant is only enti- *1160 tied to a reasonable fee for litigating the issue of insurance coverage); see also Dependable Life Ins. Co. v. Harris, 510 So.2d 985 (Fla. 5th DCA 1987)(Remand was required for apportionment of attorney’s fee award, in action against insurer for liability under policy and for tort of intentional infliction of emotional distress, where court failed to differentiate between attorney’s time and effort attributable to tort suit, for which compensatory award was made, and that attributable to coverage under policy, for which attorney’s fees were not available.)
Accordingly, we reverse the order under review. Auto Owners could not be responsible for the fees Tripp incurred prior to the interlineation. This analysis likewise disposes of the insurer’s second claim, the insured could not recover fees for its establishment of the entitlement to fees.
Reversed.