PER CURIAM.
This is the second time we have considered this case. On the first occasion we reversed an award of attorney’s fees to the plaintiffs/appellees, Pamela Brown and Karen Romagosa, because the trial court made conclusory findings about the reasonableness of the fee without sufficient specificity to allow meaningful appellate review. Patricia Gail Van Diepen, P.A. v. Brown, 976 So.2d 38 (Fla. 5th DCA 2008) (hereafter, “Van Diepen I ”). Although on remand a different judge of the trial court considered the fee issue, we conclude once again that the court abused its discretion in its resolution of the fee issue.
While the underlying facts are quite adequately set forth in Van Diepen I, it might be helpful to restate them briefly here. Ms. Brown and Ms. Romagosa were employees of the appellant, Dr. Gail Van Diepen, P.A. (“Van Diepen, P.A.”). After both were terminated, they each filed an eight-count complaint asserting claims for breach of contract, failure to pay overtime pursuant to the Fair Labor Standards Act, wrongful discharge, retaliatory discharge (under federal and state whistle blower statutes), fraud, fraud in the inducement, and negligent misrepresentation. A jury returned a verdict in favor of Van Diepen, P.A., on all counts except the overtime claims, and awarded damages that totaled $18,871.16 for the two claimants for unpaid overtime. Because Ms. Brown and Ms. Romagosa prevailed on the overtime claims, however, they were entitled to recover reasonable attorney’s fees attributable to such claims, but only to such claims.
After an evidentiary hearing the initial trial judge awarded a combined total of about $72,000 in fees for the claimants. Because the trial court’s order, among other things, did not set forth the reasonable number of hours attributable to the overtime claims, nor whether any adjustments were made, we concluded that we could not engage in a meaningful review of the issue and reversed. We remanded with the following instruction:
On remand, the trial court must determine the amount of reasonable hours which were related to the FLSA overtime claims. Appellees’ counsel’s billing records clearly indicate that there was a significant number of hours expended on matters solely related to appellees’ unsuccessful claims. The trial court may, in its discretion, take additional evidence on this issue.
(Emphasis added). That is to say, this court specifically found that the fee award was exaggerated because it included an award for time spent in the pursuit of the unsuccessful claims.
At the fee hearing on remand the appel-lees’ counsel once again made no significant effort to separate out which hours were related to the overtime claim. Instead, he once again took the untenable position that virtually all hours expended in the prosecution of this case were based on the overtime claim. Despite the explicit language of our opinion in Van Diepen I underscoring the fact that his time and billing records “clearly indicate” that there were many hours expended on matters unrelated to overtime, counsel doggedly maintained that all the claims were intertwined and that it was impossible for him to separate out hours devoted to the overtime claims. After the second trial judge attempted commendably to ferret out the hours devoted to overtime, he awarded a fee even higher than the one we previously reversed. We reverse again.
*614 An order awarding attorney’s fees in a Fair Labor Standards Act case is reviewed using an abuse of discretion standard. Loranger v. Stierheim, 10 F.3d 776 (11th Cir.1994). We note, as well, however, that a de novo standard is to be applied to the review of a trial court’s determination of whether multiple claims within a lawsuit are separate and distinct as a matter of law. Anglia Jacs & Co., Inc. v. Dubin, 830 So.2d 169, 171 (Fla. 4th DCA 2002). We decided in our previous review that the two overtime causes of action were separate and distinct from the fourteen other claims unsuccessfully pursued by the appellees. We said, as related earlier, that counsel for appellees’ “billing records clearly indicate that there were a significant number of hours expended on matters solely related to [plaintiffs’] unsuccessful claims.”
It is the party seeking attorney’s fees on multiple claims who has an affirmative burden to demonstrate what portion of the effort was expended on the claim that authorized attorney’s fees. See Rockledge Mall Assoc., Ltd. v. Custom Fences of Brevard, Inc., 779 So.2d 558, 559 (Fla. 5th DCA 2001). If the moving party cannot meet his burden for any reason, including inadequate, confusing or imprecise timesheets or record keeping, he or she should not be awarded attorney’s fees for those vague or incomprehensible charges. Ocean Club Cmty. Ass’n, Inc. v. Curtis, 935 So.2d 513 (Fla. 3d DCA 2006). That is to say, the party against whom fees are sought should not be punished because of the lack of adequate record keeping by the party seeking fees. See also Crown Custom Homes, Inc., v. Sabatino, 18 So.3d 738 (Fla. 2d DCA 2009).
This is hardly a novel concept. In Rockledge Mall we said:
This court held in Plapinger v. Eastern States Properties Realty Corp., 716 So.2d 315 (Fla. 5th DCA 1998), that the party seeking attorney’s fees on multiple claims, one of which is a claim based on a written contract, has an affirmative burden to demonstrate what portion of the effort was expended on the claim which allowed attorney’s fees.
Rockledge Mall, 779 So.2d at 559.
In Plapinger v. Eastern States Properties Realty Corp., 716 So.2d 315 (Fla. 5th DCA 1998), we said:
The party asserting a right to attorney’s fees under a written contract has the burden not only of demonstrating its general right of recovery, but also the reasonable amount due for asserting or defending the contract right. It is also that party’s burden to demonstrate what portion of time or effort was expended in the lawsuit involving the defense of, or recovery on the contract, which allows for recovery of attorney’s fees, if there are other separate transactions or counts litigated at the same time for which an award of attorney’s fees is not appropriate.
Plapinger, 716 So.2d at 318.
In Crown Custom Homes the second district held that:
“[T]he party seeking fees has the burden to allocate them to the issues for which fees are awardable or to show that the issues were so intertwined that allocation is not feasible.” Lubkey v. Compuvac Sys., Inc., 857 So.2d 966, 968 (Fla. 2d DCA 2003); see also Ocean Club Cmty. Ass’n v. Curtis, 935 So.2d 513, 517 (Fla. 3d DCA 2006) (holding that the party seeking an award of attorney’s fees “bears ‘an affirmative burden to demonstrate what portion of the effort was expended on the claim which allowed attorney’s fees,’ ” (quoting Rockledge Mall Assocs., Ltd. v. Custom *615 Fences of Brevard, Inc., 779 So.2d 558, 559 (Fla. 5th DCA 2001))).
Crown Custom Homes, 18 So.3d at 740. Many other cases are to the same effect. See, e.g., Ocean Club Cmty. Ass’n; Lubkey v. Compuvac Sys., Inc., 857 So.2d 966, 968 (Fla. 2d DCA 2003); Salisbury v. Spielvogel, 451 So.2d 974, 975 (Fla. 4th DCA 1984); United Servs. Auto. Ass’n v. Kiibler, 364 So.2d 57 (Fla. 3d DCA 1978).
In the present case counsel for the appellees has had two opportunities to do as the law requires and to separate out the overtime claims from the others. Despite the specific conclusions of this court in the prior appeal and despite the abundance of case law discussing the issue, counsel has chosen not to do so because he claims that he cannot separate one claim from the others. Where the claims are as distinct from each other as overtime is from fraud or negligent misrepresentation, no attorney’s fees are awardable if the attorney billing records do not support the fee. While it is true that the overtime claims may have formed the foundation for other claims, it was in this case a relatively easy foundation to form. The other claims were clearly separable as we said in our previous consideration of this case. Accordingly, we reverse the fee order and remand to the trial court with instructions to enter an order denying attorney’s fees for the appellees.
REVERSED and REMANDED with INSTRUCTIONS.
MONACO, C.J., EVANDER and COHEN, JJ., concur.