Artau, Edward L., Associate Judge,
dissenting.
I dissent from the majority opinion in that it is in conflict with this court’s precedent and disturbs the sound discretion of the trial court.
In Effective Teleservices, Inc. v. Smith, this court followed the Fifth District’s rule on attorney fee awards involving multiple claims, some of which do not entitle the prevailing party to an award of legal fees. 132 So.3d 335, 341 (Fla. 4th DCA 2014) (citing Van Diepen v. Brown, 55 So.3d 612, 614 (Fla. 5th DCA 2011)). The Fifth District’s rule in Van Diepen holds that a party seeking attorney’s fees on multiple claims has an affirmative burden to demonstrate what portion of the effort was expended on the claim that authorized attorney’s fees. 55 So.3d at 614 (“If the moving party cannot meet his burden for any reason, including inadequate, confusing or imprecise timesheets or record keeping, he or she should not be awarded attorney’s fees for those vague or incomprehensible charges.”). This is a sound rule when awarding attorney fees involving multiple claims, some of which are based on statutory or contractual claims for fees, and some of which are not. Otherwise, attorney fees would be authorized by judicial fiat on claims upon which no statute or contract ever authorized an award of fees.
This court previously found that the Appellants were legally entitled to attorney’s fees on only one count (the injunctive relief count). The trial court found that the Appellants did not meet their required burden of demonstrating the reasonable hours expended on the injunctive relief count. Instead, the Appellants simply estimated that 93.45% of the total attorney effort for all the counts of the operative complaint were dedicated to the injunctive relief count. The Appellants failed to present evidence of the specific hours actually expended on the injunctive relief count. Appellants’ attorney testified that “it’s functionally impossible to isolate how much time was specifically” spent on each count of the multiple-count complaint. As a result, Appellants failed to meet the required burden of demonstrating reasonable hours expended on the injunctive relief count as required by the Van Diepen rule. Id.) see also Fla. Patient’s Compensation Fund v. Rowe, 472 So.2d 1145, 1151 (Fla. 1985) (determination of amount of attorney’s fees requires specific findings as to reasonableness of the hours actually expended). Thus, the trial court did not abuse its discretion in denying an amount of attorney’s fees for the injunctive relief count. It is well established that a trial court’s determination of attorney’s fees “will not be disturbed on appeal, absent a showing of clear abuse of discretion.” DiStefano Constr., Inc. v. Fidelity and Deposit Co. of Md., 597 So.2d 248, 250 (Fla. 1992). I would therefore affirm.