WALLIS, J.
Appellant, Scott Levine, appeals the supplemental final judgment, awarding Appellee, Bonnie Stimmel, attorney's fees and costs pursuant to section 736.1004, Florida Statutes (2017). Appellant raises several arguments on appeal, one of which has merit. Because Appellee may not recover attorney's fees for the hours spent litigating the entitlement to fees for an unsuccessful section 57.105, Florida Statutes (2017), motion, we reverse in part and remand with instructions. In all other respects we affirm.
After Appellant became aware of his father's extensive gifting to his sister, Appellee, Appellant filed a complaint against Appellee, claiming: (1) undue influence; (2) tortious interference with an expectancy; (3) breach of fiduciary duty; (4) removal of trustee; (5) accounting; and (6) appointment of special fiduciary. The trial court entered final judgment in favor of Appellee.
Thereafter, Appellee moved for attorney's fees and costs pursuant to section 736.1004(1)(a), Florida Statutes, arguing that she was entitled to fees because Appellant's claims revolved around her alleged breaches of fiduciary duty. In addition, Appellee moved separately for attorney's fees and costs pursuant to section 57.105, Florida Statutes, claiming that she was entitled to fees because Appellant chose to prosecute baseless claims. The trial court denied the section 57.105 motion for attorney's fees but granted the section 736.1004(1)(a) motion. However, when determining the amount of the attorney's fees award, Appellee included in her request the time spent litigating the entitlement to fees for the unsuccessful section 57.105 motion. Accordingly, Appellant sought a reduction of approximately $ 16,000 for the work connected to the section 57.105 motion. Ultimately, the trial court reduced Appellee's requested attorney's fee amount by approximately $ 20,000. However, the trial court's rationale in reducing the award is unclear.
As the party seeking attorney's fees pursuant to section 736.1004, Appellee had the burden to demonstrate what portion of the attorneys' efforts were expended on claims for which section 736.1004 authorized attorney's fees. See *849 Van Diepen v. Brown, 55 So.3d 612, 614 (Fla. 5th DCA 2011) ("It is the party seeking attorney's fees on multiple claims who has an affirmative burden to demonstrate what portion of the effort was expended on the claim that authorized attorney's fees."). Section 736.1004 authorizes the award of attorney's fees for actions arising under Florida's Trust Code and "[i]n all actions for breach of fiduciary duty or challenging the exercise of, or failure to exercise, a trustee's powers. ..." Because section 736.1004 does not expressly authorize recovery of attorney's fees for time spent litigating an alternative and unsuccessful ground for fees, Appellee may not recover the hours for the time spent litigating the entitlement to fees for the unsuccessful section 57.105 motion. See Sand Lake Hills Homeowners Ass'n v. Busch, 210 So.3d 706, 709 (Fla. 5th DCA 2017) ("A statute that awards attorney's fees is in derogation of the common law rule that each party pay its own attorney's fees and must be strictly construed." (citing Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So.2d 276, 278 (Fla. 2003) )).
Accordingly, we reverse in part and remand to the trial court. If the trial court has already reduced the award for the time spent litigating the unsuccessful section 57.105 motion, then it shall make that clear in its subsequent order. Otherwise, the trial court shall remove the time spent litigating the unsuccessful section 57.105 motion in its award. In all other respects we affirm.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED with Instructions.
ORFINGER and LAMBERT, JJ., concur.