787 So.2d 121 (2001)
Edwin Craig LUBKEY and Automated Vacuum Systems, Inc., Appellants,
v.
CompuVAC SYSTEMS, INC., Appellee.
No. 2D00-1987.
District Court of Appeal of Florida, Second District.
April 25, 2001.
*122 David K. Sockol and Mary F. Booth, of Sockol & Associates, St. Petersburg, for Appellants.
Mark Dungan and Charles J. Bartlett, of Icard, Merrill, Cullis, Timm, Furen and Ginsberg, Sarasota, for Appellee.
DAVIS, Judge.
Edwin Craig Lubkey and Automated Vacuum Systems, Inc. (AVS), appeal the trial court's amended final judgment which awarded CompuVac Systems, Inc., $25,000 in damages for breach of a settlement agreement and misappropriation of trade secrets. We affirm as to the award for breach of a settlement agreement, but reverse as to the misappropriation of trade secrets.
CompuVac manufactures and sells vacuum metallizer machines. These machines coat objects with an aluminum coating and a protective top-coat. Lubkey worked for CompuVac in several capacities, including serving as president of the company. He was moved to vice-president of sales and marketing and then his employment was terminated. Lubkey then formed AVS and started manufacturing vacuum metallizer machines in competition with CompuVac.
CompuVac initiated a lawsuit against AVS. In settlement of that lawsuit, AVS entered into an agreement in which AVS agreed to refrain from using certain "confidential information." AVS continued in business and CompuVac filed a seven-count complaint against AVS.[1] CompuVac alleged that AVS breached the settlement agreement, misappropriated trade secrets, tortiously interfered with CompuVac's business relationships, breached its fiduciary duty, abused its confidential relationship, usurped corporate opportunities that belonged to CompuVac, and converted CompuVac corporate funds and assets. The matter proceeded to a non-jury trial. At the conclusion of CompuVac's case, the trial court granted a directed verdict in favor of AVS on all the allegations of the complaint except the breach of settlement agreement and misappropriation of trade secrets issues. Additionally, the trial court entered a limited ruling in favor of AVS on the trade secrets issue, finding that there was no misappropriation of trade secrets as the term "trade secrets" is defined under the Uniform Trade Secrets Act, chapter 688, Florida Statutes. The *123 trial court reserved ruling as to whether there was a misappropriation of trade secrets after the settlement agreement was signed in light of the definition of trade secrets included in the agreement.
Upon the completion of the case, the court orally found that AVS did breach the settlement agreement, but concluded that the information used by AVS contained no trade secrets. The trial court awarded $25,000 in damages and directed CompuVac's counsel to prepare the final judgment. The amended final judgment executed by the trial judge specifically found for CompuVac as to counts I (breach of settlement agreement) and II (misappropriation of trade secrets).[2] AVS now appeals the trial court's award and findings as to both counts.
In settlement of the prior lawsuit, AVS agreed that it would not use for its own account any "confidential information" of CompuVac. The agreement defined "confidential information" to include:
i. trade secrets concerning the business and affairs of the Plaintiff of any kind or nature, product specifications, data, know-how, formulae, compositions, processes, designs, sketches, photographs, drawings, samples, patents, patent pending, copyrights, inventions and ideas, past, current and planned research and development, current and planned manufacturing or distribution methods and processes, customer lists, current and anticipated customer requirements, price lists, market studies, business plans, computer software and programs (including object code and source code), computer software and data base technologies, systems, structures, and architectures (and related processes, formulae, composition, improvements, devices, knowhow, inventions, discoveries, concepts, ideas, designs, methods, and information), sales and marketing literature, other documentation or other information relating to any of Plaintiffs business and....
Further, AVS agreed that "all Confidential Information known or obtained by Defendants (AVS), whether before or after the date hereof, is the confidential and proprietary property of the Plaintiff."
The trial court found that AVS, by the settlement, did agree to limit its use of certain information, even if that information did not meet the statutory definition of a trade secret under section 688.002(4), Florida Statutes (1999). Further, the trial court observed that, although AVS "probably would have been perfectly allowed to do" everything it did had there been no agreement, its use of the software developed for and at the expense of CompuVac breached the limitations of the agreement.
AVS challenges the trial court's finding of a breach on three grounds. First, it argues that CompuVac did not meet the statutory requirements of section 542.335, Florida Statues (1999), governing the enforcement of contracts that are in restraint of trade. Secondly, AVS raises the sufficiency of the evidence showing a breach of the agreement. Finally, AVS argues that the federal courts have exclusive jurisdiction in cases involving patents, copyrights, and trademarks, and thus the trial court *124 lacked jurisdiction. We reject all three challenges.
Section 542.335 requires that, to enforce a contract that is in restraint of trade, the trial court must find that the plaintiff (CompuVac) has a "legitimate business interest"[3] and that it is reasonably necessary to protect this business interest. Although AVS did not raise these statutory requirements in its pleadings, it briefly discussed them during closing argument. While the trial judge did not use the words "legitimate business interest," he impliedly found that the software met the statutory definition and that it was reasonably necessary to protect this business interest:
It (software) was created for them; they paid somebody to create it for them. And by him going around and hiring that person, if they paid X amount of dollars for the software, he got it at a discount price, because all he had to do was touch it up. And it was already created by then. And that was certainly an entity that he could use in competition with them.
We find that the record supports this finding of the trial court. Accordingly, we would reject AVS's argument that the trial court erred in enforcing this agreement.
The trial court's finding that this breached the contract is a finding of fact. Accordingly, we cannot substitute our judgment for the trial court's because the finding that AVS breached the agreement is supported by competent, substantial evidence. See Moore v. Excal Enters., Inc., 769 So.2d 1062 (Fla. 2d DCA 2000). The testimony shows that three different programmers were involved in developing the computer software. The methods developed for CompuVac allowed their machines to perform tasks that other machines did not. Upon starting AVS, Lubkey immediately hired the programmer that had last worked on the development of CompuVac's software. The trial court found that such an act itself was not illegal or improper, but by the agreement, Lubkey and AVS had agreed not to use such confidential information. Alan Barron, the programmer that AVS retained, testified that AVS used CompuVac's program. He testified that for the initial three machines he developed for AVS, he included the software he created while working for CompuVac. He indicated that it was not until after the first three machines were developed for AVS that the software was revised.
The jurisdiction argument is likewise without merit. This case does not involve a breach of a right created by a patent, copyright, or trademark. Rather, the issue before the trial court was whether there was a breach of a right created by a contract between the parties. We are satisfied that the trial court did have jurisdiction and reject this challenge. See Schachel v. Closet Concepts, Inc., 405 So.2d 487 (Fla. 3d DCA 1981).
The amended final judgment also made a finding that AVS had misappropriated trade secrets owned by CompuVac. Our reading of the trial court's oral pronouncement does not support such a finding. We agree with AVS that the trial court orally found that there were no trade secrets involved and that the amended final judgment is inconsistent with that oral pronouncement.
*125 We affirm the amended final judgment as to count I and the award of damages. However, we reverse the amended final judgment as to count II and remand to the trial court for the entry of a second amended final judgment consistent with this opinion.
PARKER, A.C.J., and SALCINES, J., concur.
NOTES
[1] The complaint additionally included counts against Lubkey individually, but the issues raised by these counts are not a part of this appeal.
[2] The amended final judgment also made findings and awards against Lubkey in his individual capacity and determined that CompuVac was entitled to attorneys' fees. The findings against Lubkey individually were not a part of this appeal. Upon this court's order to show cause why the attorney's fee issue should not be dismissed in that the trial court has not established an amount, AVS voluntarily dismissed that issue from this appeal. See Stoker v. Stoker, 742 So.2d 357 (Fla. 2d DCA 1999).
[3] Section 542.335(1)(b)(2), Florida Statutes (1999), defines "legitimate business interest" to include "[v]aluable confidential business or professional information that otherwise does not qualify as trade secrets."