857 So.2d 966 (2003)
Edwin Craig LUBKEY and Automated Vacuum Systems, Inc., Appellants,
v.
COMPUVAC SYSTEMS, INC., Appellee.
No. 2D02-2871.
District Court of Appeal of Florida, Second District.
October 24, 2003.
*967 David J. Sockol and Mary F. Booth, of Sockol & Associates, St. Petersburg, for Appellants.
Andre R. Perron, of Ozark, Perron & Nelson, P.A., Bradenton, for Appellee.
NORTHCUTT, Judge.
Edwin Lubkey and Automated Vacuum Systems (collectively AVS) challenge an award of trial and appellate attorneys' fees to Compuvac Systems. The fee award stemmed from Compuvac's suit against AVS for damages based on a number of theories: breach of a settlement agreement, misappropriation of trade secrets, tortious interference with a business relationship, breach of fiduciary duty, abuse of a confidential relationship, usurpation of corporate opportunities, and conversion of corporate funds and assets. Compuvac prevailed only on its claim that AVS breached the settlement agreement.[1]See Lubkey v. CompuVac Sys., Inc., 787 So.2d 121 (Fla. 2d DCA 2001). However, the circuit court awarded Compuvac fees for all its attorneys' time in the case.[2] We reverse the order in part and remand for further proceedings.
As a preliminary matter, we reject AVS's claim that the circuit court abused its discretion in permitting Compuvac to amend its pleadings to claim fees pursuant to a provision in the settlement agreement. Compuvac also sought statutory fees under its count for misappropriation of trade secrets, § 688.005, Fla. Stat. (1997), but it did not prevail on that claim. It did not allege a basis for attorneys' fees, or seek them, under any other count of the complaint. Thus, the settlement agreement was the only basis for awarding trial-level attorneys' fees. It provided that if the defendants, Lubkey and AVS, defaulted in their duties under the settlement agreement, Compuvac could sue for its breach and recover attorneys' fees incurred in that endeavor.
When a party claims fees under a written agreement, the entitlement to the fees extends only to the counts based on that agreement. Clipper v. Bay Oaks Condo. Ass'n, 810 So.2d 541, 544 (Fla. 2d DCA 2002); Allen v. Laabs, 567 So.2d 53 *968 (Fla. 2d DCA 1990). Further, the party seeking fees has the burden to allocate them to the issues for which fees are awardable or to show that the issues were so intertwined that allocation is not feasible. Clipper, 810 So.2d at 544; Franzen v. Lacuna Golf Ltd. P'ship, 717 So.2d 1090, 1093 (Fla. 4th DCA 1998).
At the attorneys' fee hearing Compuvac presented an expert witness who claimed that all the issues in the complaint were interrelated. But he did not explain why; nor did he testify that he had made any attempt to allocate the time expended to the particular counts of the complaint. See Franzen, 717 So.2d at 1093. On cross-examination, the expert could not explain with any certainty how numerous entries on Compuvac's attorneys' time sheets related to the breach of the settlement agreement. For example, one of the time entries stated, "Research Lubkey's criminal file in Manatee County." Another recited, "Conference ... regarding Lubkey's threat of disclosure to authorities regarding alleged improprieties involving Richard Vignola." The expert could not say how these entries related to the lawsuit at all. One of Compuvac's lawyers also testified that the claims were interrelated, but again, did not provide specifics.
Compuvac failed to meet its burden of proving either that all its attorneys' fees were related to its count for breach of the settlement agreement or that the issues were so intertwined that the fees could not be allocated. The expert's opinion, lacking any factual foundation, was not competent proof. See Iden v. Kasden, 609 So.2d 54 (Fla. 3d DCA 1992); see also Arkin Constr. Co. v. Simpkins, 99 So.2d 557 (Fla. 1957) (observing that expert witness's opinion based on facts or inferences not supported by evidence has no evidentiary value and that the opinion itself is not proof of the facts necessary to support the opinion). The testimony by Compuvac's attorney, self-serving and uncorroborated by expert testimony, legally could not form the sole basis of the award. See Brake v. Murphy, 736 So.2d 745 (Fla. 3d DCA 1999). We reverse the order insofar as it awarded trial-level fees and remand with directions to hold a new fee hearing and award fees only for the services Compuvac's attorneys performed in prosecuting the breach of settlement agreement issue. See Salisbury v. Spielvogel, 451 So.2d 974, 975 (Fla. 4th DCA 1984).
Finally, AVS contends that Compuvac should not have recovered attorneys' fees for responding to the previous appeal of the final judgment in this case because the fee provision in the settlement agreement did not specifically provide for appellate fees. See Maison Grande Condo. Ass'n v. Dorten, Inc., 600 So.2d 463, 465 (Fla.1992). But when Compuvac filed its motion for fees in this court in connection with the earlier appeal, AVS did not file an objection or any other response to the motion. This court granted Compuvac's request, with instructions that the circuit court establish the amount of the fees. AVS cannot now challenge that award when it did not preserve its argument in this court. See Green Cos. v. Kendall Racquetball Inv., Ltd., 658 So.2d 1119, 1122 (Fla. 3d DCA 1995). Therefore, this aspect of the fee award is affirmed.
Reversed in part, affirmed in part and remanded with directions.
ALTENBERND, C.J., and DAVIS, J., Concur.
NOTES
[1] Compuvac also prevailed on two counts against Lubkey individually, but those counts do not support an award of attorneys' fees.
[2] The court did not award some fees requested for time expended before the parties reached the settlement agreement.