975 So.2d 555 (2008)
Norman DUFRESNE, Appellant,
v.
DAIMLERCHRYSLER CORP., Appellee.
No. 2D05-5118.
District Court of Appeal of Florida, Second District.
February 8, 2008.
Theodore F. Greene, III, of Law Offices of Theodore F. Greene, LC, Orlando, and Alex D. Weisberg of Krohn & Moss, Ltd., Sunrise, for Appellant.
John J. Glenn, Benjamin C. Moore, and E. Holland Brabham of AndersonGlenn, LLC, Ponte Vedra Beach, for Appellee.
KELLY, Judge.
Norman Dufresne appeals from the trial court's order denying him attorney's fees and costs under the federal Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-2312 (MMWA). The trial court found that because Dufresne settled pursuant to an offer of judgment he could not be considered *557 a "prevailing party" and was therefore precluded from seeking statutorily authorized attorney's fees. We disagree and therefore reverse.
Dufresne sued DaimlerChrysler Corporation under the MMWA seeking damages for breach of his new car warranty. DaimlerChrysler served Dufresne with a proposal for settlement under Florida Rule of Civil Procedure 1.442 and Florida's offer of judgment statute, section 768.79, Florida Statutes (2004). The offer was exclusive of all interest, costs, and attorney's fees. Dufresne accepted the proposal of settlement and filed a notice of acceptance with the trial court. He then sought attorney's fees and costs under the MMWA. The MMWA provides for an award of attorney's fees to a consumer who "finally prevails" in any action brought pursuant to the Act. 15 U.S.C. § 2310(d)(2).
Citing Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources, 532 U.S. 598, 604, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), DaimlerChrysler opposed the motion for fees arguing that Dufresne did not "finally prevail" because he accepted the settlement offer. It contended that to be considered a prevailing party under a federal fee-shifting statute such as the one contained in the MMWA, a party must either obtain a judgment on the merits or a court-ordered consent decree and that because Dufresne obtained neither, he could not claim entitlement to fees. The trial court agreed and denied Dufresne's request for fees. Dufresne appeals from that order.
The narrow question presented here is whether Dufresne is precluded from being considered a prevailing party entitled to seek attorney's fees under the MMWA. In Buckhannon, the Supreme Court explained that to be considered a prevailing party under a federal fee-shifting statute, there must be a "judicially sanctioned change in the legal relationship of the parties," such as when a judgment on the merits has been entered or when the court has entered a consent decree. Id. at 605, 121 S.Ct. 1835. While either a judgment on the merits or a consent decree is sufficient to make a plaintiff a prevailing party, they are not, as DaimlerChrysler contends, the only bases upon which a plaintiff can be considered a prevailing party. Am. Disability Ass'n v. Chmielarz, 289 F.3d 1315, 1319 (11th Cir. 2002). Where the parties have entered into a settlement and the court has explicitly retained jurisdiction to enforce the terms of the settlement, the "explicit retention of jurisdiction over the terms of the settlement [is] the `functional equivalent of an entry of a consent decree.'" Smalbein ex rel. Estate of Smalbein v. City of Daytona Beach, 353 F.3d 901, 905 (11th Cir.2003) (quoting Chmielarz, 289 F.3d at 1320).
Although the trial court here did not enter an order explicitly retaining jurisdiction, a settlement agreement entered into pursuant to an offer of judgment is nevertheless judicially enforceable because the offer of judgment statute states that "[u]pon filing of both the offer and acceptance, the court has full jurisdiction to enforce the settlement agreement." See § 768.79(4). We therefore conclude that the settlement here is the functional equivalent of a consent decree and that Dufresne is not precluded from claiming entitlement to attorney's fees under the MMWA simply because he accepted the proposal for settlement. We note, however, that in so holding we are not deciding Dufresne's ultimate entitlement to an award of fees. We are simply holding that he is not precluded from being considered a prevailing party because he accepted the proposal for settlement. Whether a prevailing *558 party should be awarded fees is left to the discretion of the trial court. See Hamilton v. Ford Motor Co., 936 So.2d 1203, 1207 (Fla. 4th DCA 2006) (noting that a consumer who prevails in any action brought under the Magnuson-Moss Act may be entitled to attorney's fees and costs determined by the court to have been reasonably incurred).
Accordingly, we reverse and remand for further proceedings for the trial court to determine whether to award fees to Dufresne, and if it determines such an award is appropriate, the amount of fees to which Dufresne is entitled.
Reversed and remanded for proceedings consistent with this opinion.
DAVIS and SILBERMAN, JJ., Concur.