MAY, J.
Statutory authorization for prevailing party attorney’s fees under the Magnuson-Moss Act is challenged in this appeal. The plaintiff appeals an order denying his request for attorney’s fees under 15 U.S.C. § 2310(d)(2) (Supp.2005). He argues the trial court erred in denying his motion because he was a prevailing party. We disagree and affirm.
In May 2003, the plaintiff leased a 2003 Dodge Viper, manufactured by Daimler-Chrysler Corporation. Not long after, the plaintiff sued DaimlerChrysler for breach of written and implied warranties, pursuant to the Magnuson-Moss Warranty— Federal Trade Commission Improvement Act, 15 U.S.C. § 2301 et seq. (Supp.2005).
In November 2005, DaimlerChrysler served a proposal for settlement, pursuant to section 768.79, Florida Statutes (2005), and Rule 1.442, Florida Rules of Civil Procedure. DaimlerChrysler served a second proposal for settlement along with a proposed release agreement the following month. On December 29, 2005, the plaintiff accepted the proposal.
Pursuant to the proposal’s terms, Daim-lerChrysler would pay the total sum of $8,500 exclusive of attorney’s fees. It neither admitted liability nor conceded plaintiffs entitlement to attorney’s fees, but acknowledged that the plaintiff might seek attorney’s fees. The settlement required the plaintiff to execute a complete release and voluntary dismissal with prejudice. *1214 No judgment was to be entered against DaimlerChrysler.
In June 2006, the plaintiff moved for entitlement to attorney’s fees and costs. After a hearing, the trial court denied the motion, basing its denial on a finding that the plaintiff had not established he was a consumer who “finally prevails” under 15 U.S.C. § 2310(d)(2). The trial court’s order cited Buckhannon Board & Caro Home, Inc. v. West Virginia Department of Health & Human Resources, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), Pitchford v. Oakwood Mobile Homes, Inc., 212 F.Supp.2d 613 (W.D.Va.2002), and Pines v. Growers Service Co., 787 So.2d 85 (Fla. 2d DCA 2001).
The trial court’s decision on whether the plaintiff was a prevailing party is a question of law subject to de novo review. See Marks v. State, Dep’t of Legal Affairs, 937 So.2d 1211, 1213 (Fla. 4th DCA 2006) (quoting Aramark Unif. & Career Apparel, Inc. v. Easton, 894 So.2d 20, 23 (Fla.2004)).
The plaintiff argues that acceptance of DaimlerChrysler’s proposal for settlement qualified him as a consumer who “finally prevails” and entitled him to attorney’s fees because his acceptance expressly excluded attorney’s fees. He argues, among other things, that the federal statute does not limit when a consumer “finally prevails,” and federal case law explaining the public policy behind “fee-shifting” statutes mandates an award of fees to him as a prevailing party.
DaimlerChrysler responds that neither Florida law nor the method used to settle the case affects the application of the attorney’s fees provision of the Magnuson-Moss Act. It argues that federal case law has established that a plaintiff, who accepts a proposal for settlement that does not provide for entry of final judgment or continuing jurisdiction for enforcement, is not a consumer who “finally prevails” under 15 U.S.C. § 2310(d)(2).
Section 2310(d)(2) provides:
(2) If a consumer finally prevails in any action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses (including attorneys’ fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such an award of attorneys’ fees would be inappropriate.
15 U.S.C. § 2310(d)(2) (emphasis added). The plaintiff correctly notes the statute does not limit when a consumer “finally prevails.” However, federal case law has provided a workable definition.
A consumer will be found to have finally prevailed under section 2310(d)(2) when the trial court enters a final judgment on the merits of a claim or retains jurisdiction to enforce a settlement agreement through a consent decree. Buckhannon Bd. & Care Home, Inc., 532 U.S. at 603-04, 121 S.Ct. 1835. The essential requirement is a court-ordered change in the legal relationship between the parties regardless of whether the defendant admits liability. Id. at 604, 121 S.Ct. 1835 (citing Maher v. Gagne, 448 U.S. 122, 126 n. 8, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980)).
Ordinarily, a private settlement does not satisfy this requirement. Id. at 604 n. 7,121 S.Ct. 1835 (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). However, when the terms of a private settlement are incorporated into a court order or the court retains jurisdiction to enforce its terms, the agreement can be construed as the equivalent of a *1215 consent decree. Buckhannon, 532 U.S. at 604, 121 S.Ct. 1835. The key is “a court-ordered ‘change [in] the legal relationship between [the plaintiff] and the defendant.’ ” Id. (quoting Texas State Teachers Ass’n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989)). There simply was no court-ordered change in the relationship of the parties in this case by the plaintiffs acceptance of DaimlerChrysler’s proposal for settlement.
We are aware that the Second District Court of Appeal has recently reached a contrary conclusion. Dufresne v. DaimlerChrysler Corp., No. 2D05-5118, 975 So.2d 555 (Fla. 2d DCA 2008). There, the Second District held, under circumstances identical to those in this case, that the settlement of a Magnuson-Moss Act claim, pursuant to section 768.79, “is the functional equivalent of a consent decree,” thereby rendering the plaintiff a prevailing party. Id. at 557. The court based its holding on subsection (4) of section 768.79, which provides the trial court with “full jurisdiction to enforce the settlement agreement.” Id. (citing § 768.79(4), Fla. Stat. (2004)). We respectfully disagree.
We find that section 768.79(4)⅛ provision for enforcement is not the same as the required affirmative court action that either approves of the terms of a settlement or affirmatively retains jurisdiction for enforcement.[1] See Buckhannon, 532 U.S. at 604, 121 S.Ct. 1835. This is especially true where the very terms of the accepted proposal for settlement prohibit the entry of a judgment against DaimlerChrysler. To use the legal fiction of an equivalent consent decree to qualify the plaintiff for prevailing party attorney’s fees runs afoul of the very terms of the accepted proposal for settlement. We therefore align ourselves with the federal court decisions that have consistently refused to expand the language of section 2310(d)(2) to cases in which the trial court has not become actively involved in the settlement either by entering a judgment, approving a settlement, or expressly reserving jurisdiction to enforce the settlement.
The plaintiff also argues that the proposal for settlement is the equivalent of a confession of judgment under Wollard v. Lloyd’s & Companies of Lloyd’s, 439 So.2d 217 (Fla.1983). We disagree. In Wollard, our supreme court held that an insurer could not avoid the liability for attorney’s fees under section 627.428, Florida Statutes (1979), by paying policy proceeds to avoid entry of a judgment. To reach that decision, the court created the legal fiction of an equivalent “consent judgment.” Significantly, however, that fiction has been restricted to its stated purpose — to prevent an insurer from avoiding statutory fees under section 627.428. See, e.g., Basik Exports & Imports, Inc. v. Preferred Nat’l Ins. Co., 911 So.2d 291, 293 (Fla. 4th DCA 2005) (“The Wollard extension of section 627.428, however, has not generally been applied to factual scenarios similar to those in the instant appeal.”).
Here, the proposal for settlement and consequent agreement specifically excluded fees from its purview and prohibited the entry of a judgment against Daimler-Chrysler. Once the proposal was accepted by the plaintiff, the terms were fixed.[2]
*1216 The plaintiff accepted a proposal for settlement that specifically precluded the entry of judgment against DaimlerChrysler. The agreement provided for a voluntary dismissal with prejudice in exchange for DaimlerChrysler’s payment of $8,500. Simply put, and as the trial court found, the plaintiff was not a consumer who finally prevailed under 15 U.S.C. § 2310(d)(2).
Because we reach a decision contrary to that of the Second District Court of Appeal, we certify conflict with Dufresne v. DaimlerChrysler Corp., No. 2D05-5118, 975 So.2d 555 (Fla. 2d DCA 2008).

Affirmed.

STONE and POLEN, JJ., concur.

. We have previously held that section 768.79, Florida Statutes (1998), and Florida Rule of Civil Procedure 1.442 do NOT require entry of a final judgment unless the judgment is a term of the proposal for settlement. Abbott & Purdy Group, Inc. v. Bell, 738 So.2d 1024 (Fla. 4th DCA 1999).

. We further disagree that our ruling undermines the purposes of permitting the shifting of fees under both 15 U.S.C. § 2310(d)(2) (Supp.2005) and section 768.79, Florida Statutes (2005). Even if a judgment had been entered in favor of the plaintiff, section 2310(d)(2) still provides the trial court with *1216 discretion to either grant or deny attorney's fees.