CASANUEVA, Chief Judge.
 

 Crown Custom Homes, Inc. (Crown), appeals the trial court’s award of attorney’s fees to the appellees, Joseph and Carol Sabatino. Finding error in the proceeding, we reverse and remand for a new evidentiary hearing.
 

 Facts
 

 Mr. and Mrs. Sabatino sued Crown, asserting multiple theories of recovery arising from Crown’s construction of their home. Crown counterclaimed against the Sabatinos asserting several claims, including a count seeking to foreclose a construction lien against the real property. Ultimately Crown prevailed on all counts save one. The court resolved the count to foreclose the construction hen in favor of the Sabatinos, finding that Crown failed to perfect its lien when it did not properly serve a notice to owner. The Sabatinos sought attorney’s fees pursuant to the construction lien statute. The trial court conducted a hearing on the matter and found that “the prosecution of the various counts was so inextricably intertwined that most of [the] services must be said to be for the construction lien count, as well as other counts.” The trial court awarded the Sa-batinos attorney’s fees in excess of $118,000 plus costs in excess of $14,000.
 
 [1]
 

 
 *740
 
 During the hearing on attorney’s fees the Sabatinos called an expert on legal billing to the stand. The expert testified that he was unable to apportion the Sabati-nos’ attorney’s time sheet records to the various causes of action raised at trial because, at least in part, the counts were intertwined. The expert further stated that “unfortunately all of us tend to throw the kitchen sink at it from a cause of action standpoint; and if you can not differentiate between those, then you’re entitled to claim that under. — -in this case, the claim of lien, the cause of action.” The Sabatinos’ attorney also testified, stating that “to the greater extent I was not able to determine based on the billing time entries how to differentiate the various counts.”
 

 Crown now challenges the award of attorney’s fees and costs.
 

 Analysis
 

 “[T]he party seeking fees has the burden to allocate them to the issues for which fees are awardable or to show that the issues were so intertwined that allocation is not feasible.”
 
 Lubkey v. Compuvac Sys., Inc.,
 
 857 So.2d 966, 968 (Fla. 2d DCA 2003);
 
 see also Ocean Club Cmty. Ass’n v. Curtis,
 
 935 So.2d 513, 517 (Fla. 3d DCA 2006) (holding that the party seeking an award of attorney’s fees “bears ‘an affirmative burden to demonstrate what portion of the effort was expended on the claim which allowed attorney’s fees,’ ” (quoting
 
 Rockledge Mall Assocs., Ltd. v. Custom Fences of Brevard, Inc.,
 
 779 So.2d 558, 559 (Fla. 5th DCA 2001))). We review whether the multiple claims are separate or intertwined under the de novo standard of review.
 
 See Ocean Club,
 
 935 So.2d at 516.
 

 Here the trial court made no factual findings to support its legal conclusion that the counts were so intertwined as to make individual allocation of fees unfeasible. Additionally, the limited record before this court does not enable us to resolve that issue despite the scope of our review. Although the billing expert opined that the counts were sufficiently intertwined, “[t]he expert’s opinion, lacking any factual foundation, was not competent proof.”
 
 Lubkey,
 
 857 So.2d at 968. Therefore, on this record, we cannot sustain the fee order.
 

 Crown also challenges the award of any costs it claims were not directly linked to the construction lien count. During the pendency of this appeal, the Supreme Court of Florida issued its opinion in
 
 Trytek v. Gale Industries, Inc.,
 
 3 So.3d 1194 (Fla.2009). In
 
 Trytek,
 
 one party prevailed on a construction lien by stipulation before trial but lost on the sole issue argued at trial.
 
 Id.
 
 at 1196-97. Each party subsequently claimed it was the “prevailing party” for the purpose of determining fees “as part of the prevailing party’s costs,” pursuant to section 713.29, Florida Statutes (2005).
 
 Id.
 
 at 1197. The trial court applied the “significant issues” test set forth in
 
 Prosperi v. Code, Inc.,
 
 626 So.2d 1360 (Fla.1993), and determined that the party that won the issue argued at trial was the “prevailing party.”
 
 Trytek,
 
 3 So.3d at 1197. The Fifth District reversed, certifying a question of great public importance.
 
 Id.
 
 at 1198. On review, the supreme court quashed the Fifth District’s opinion and approved the trial court’s use of the
 
 Pros-peri
 
 “significant issues” test to determine the issue of “prevailing party.”
 
 Trytek,
 
 3 So.3d at 1204. In this case,
 
 Trytek
 
 may impact the trial court’s determination of “prevailing party” and, thus, the propriety
 
 *741
 
 of taxation of costs and fees on either party. Therefore, we must also reverse the award of costs.
 

 Accordingly, we reverse the order on appeal in its entirety. On remand, the trial court shall hold a new hearing to consider both the application of
 
 Trytek
 
 to the facts of the case and to determine whether allocation of fees was appropriate. The trial court shall make appropriate factual findings to support its conclusions regarding these matters to ensure a complete record for appellate review. We caution that “[r]egardless of the expertise of the witness, generally, and his familiarity with legal concepts relating to his specific field of expertise, it is not the function of the expert witness to draw legal conclusions. That determination is reserved to the trial court.”
 
 Palm Beach County v. Town of Palm Beach,
 
 426 So.2d 1063, 1070 (Fla. 4th DCA 1983).
 

 Reversed and remanded with instructions.
 

 SILBERMAN and CRENSHAW, JJ., Concur.
 

 [1]
 

 . It appears that several efforts were made to resolve the construction lien claim before trial
 
 *740
 
 on the same basis on which it was ultimately decided. We note that the pretrial resolution of this claim would have resulted in a significantly reduced award of attorney's fees.