**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TRUEBLUE, INC., a Washington corporation, | No. 09-36146 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-05328-BHS |
| v. | MEMORANDUM[*] |
| TIMOTHY P. DYN, an individual, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted March 9, 2011
Seattle, Washington

Before: McKEOWN, FISHER and GOULD, Circuit Judges.

The district court awarded fees to defendant Timothy Dyn after plaintiff

TrueBlue, Inc. voluntarily dismissed its complaint. We affirm.

1. The district court did not err in concluding that TrueBlue sought to

enforce the Non-Competition Agreement in this action. TrueBlue's claims center

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

on breach of the Non-Competition Agreement. Even if TrueBlue also sought in part to recover benefits paid under the Employment Agreement and Release of Claims, that claim was intertwined with and dependent on the claim for breach of the Non-Competition Agreement. Thus, all of TrueBlue's claims were properly considered together for purposes of awarding fees. *See Crown Custom Homes, Inc. v. Sabatino*, 18 So. 3d 738, 740 (Fla. Dist. Ct. App. 2009).

Because TrueBlue sued under the Non-Competition Agreement, the district court properly applied Florida law, which governs the availability of fees under that contract. The choice of law provision in the Release of Claims does not alter the parties' earlier agreement that the Non-Competition Agreement is governed by "the law of the State in which [Dyn] last worked for TrueBlue."

2. The district court correctly concluded that Dyn was the prevailing party and was entitled to fees after TrueBlue's voluntary dismissal. *See Alhambra Homeowners Ass'n v. Asad*, 943 So. 2d 316, 318-20 (Fla. Dist. Ct. App. 2006).

**AFFIRMED.**

2