PER CURIAM.
The appellant, Dr. Shelly L. Hall, P.A., d/b/a Island Pediatrics, appeals an order and final judgment that awarded a total of $92,812.00 in attorney’s fees to the appel-lees, Dr. Bonnie K. White and Dr. Bonnie K. White, P.A. The appellant argues that the trial court erroneously taxed $84,898.25 in attorney’s fees against her on the appellees’ unpaid wage claim under Chapter 448, Florida Statutes, because the appellees failed to meet their burden of proof and because the trial court erred in concluding that the issues and claims in the case were inextricably intertwined. The appellant also argues that the trial court erroneously taxed the entire amount of fees under section 57.105, Florida Statutes, $7,913.75, against her alone where it was obliged to split the fees between her and her attorney. We agree and reverse and remand.
Under section 448.08, Florida Statutes, attorney’s fees and costs may be awarded to the prevailing party in an action for unpaid wages. However, section 448.08 does not apply to independent contractors. See Goodwin v. Blu Murray Ins. Agency, Inc., 939 So.2d 1098, 1102-03 (Fla. 5th DCA 2006). Here, the appellees brought a claim for unpaid wages, but also brought a claim concerning Dr. White’s service as an independent contractor. The appellant brought several counterclaims that were unsuccessful. After a jury trial at which the appellees were awarded $916.14 on their unpaid wage claim and $23,707.94 in damages on the remaining claim, the ap-pellees filed a motion for attorney’s fees pursuant to section 448.08 and a motion for fees under section 57.105.
After the trial court determined that the appellees were entitled to fees, it scheduled an evidentiary hearing on the amount of fees to be awarded. At the hearing, the appellees argued that the issues in the case were so inextricably intertwined that a division of labor between the claims was impossible. In support, the appellees offered an affidavit from their attorney detailing the number of hours he and his colleagues spent on the case and the blended hourly rate charged. The appellees also offered the affidavit of Alan Winter, who opined that the number of hours spent and the blended rate charged were reasonable. No detailed time records or invoices were introduced into evidence. The only testimony at the fee hearing was provided by Winter, who opined that the case involved a central core of facts and the claims could not be segregated. Winter admitted that he did not attempt to separate out the time per claim. In awarding the appellees their requested fees under Chapter 448, the trial court stated that the requisite attorney’s fees affidavits were filed to demonstrate the reasonableness of the attorney’s fees sought and that it agreed with Winter’s testimony that the issues and claims were inextricably intertwined such that a division of labor between the claims was impossible.
*909 This Court reviews an award of attorney’s fees for abuse of discretion. See Jones & Granger v. Johnson, 788 So.2d 381, 382 (Fla. 1st DCA 2001). A trial court’s determination of whether claims are inextricably intertwined is a question of law reviewed de novo. See Van Diepen v. Brown, 55 So.3d 612, 614 (Fla. 5th DCA 2011).
As to the claim for fees under Chapter 448, we find that the fee award for $84,898.25 constituted an abuse of discretion. First, we do not agree that the issues in the case were inextricably intertwined because our review of the appel-lees’ second amended complaint leads us to believe that the claims could support independent actions and were not simply alternative theories of liability for the same wrong. See e.g., Ocean Club Cmty. Ass’n v. Curtis, 935 So.2d 513, 516 (Fla. 3d DCA 2006). Furthermore, as the party seeking fees, the appellees carried the burden of allocating the fees to the Chapter 448 claim for which fees were awardable or showing that the issues were so intertwined that allocation was not feasible. See Lubkey v. Compuvac Systems, Inc., 857 So.2d 966, 968 (Fla. 2d DCA 2003). See also Crown Custom Homes, Inc. v. Sabatino, 18 So.3d 738, 740 (Fla. 2d DCA 2009) (reversing fee order and finding that the expert’s opinion that the claims were sufficiently intertwined lacked any factual foundation and did not constitute competent proof). Here, as in Grown, the trial court made no factual findings to support its legal conclusion that the claims were inextricably intertwined, and the appellees failed to offer sufficient proof in the form of detailed time records and further elaboration from Winter to support a finding of such on review. Id.
As to the fees under section 57.105, we agree that the trial court abused its discretion in taxing those fees solely against the appellant. Section 57.105(1) provides that the fees are “to be paid to the prevailing party in equal amounts by the losing party and the losing party’s attorney.” Here, the appellees’ motion for fees under section 57.105 was clearly addressed toward the conduct of the appellant’s attorney, Roger Hall, and we decline to infer that the trial court intended to find that Hall acted in good faith so as to be exempt from fees under section 57.105(3).
Accordingly, we reverse the order in its entirety. On remand, the trial court should hold a new fee hearing and award fees only for the services the appellees’ attorneys performed regarding the Chapter 448 unpaid wage claim. As to the section 57.105 fees assessed solely against the appellant, we remand with instructions to reduce the amount to $3,956.88, which represents half of the previous fee award. See Neustein v. Miami Shores Village, 837 So.2d 1054,1055 (Fla. 3d DCA 2002).
REVERSED and REMANDED with instructions.
PADOVANO, ROBERTS, and ROWE, JJ., concur.