NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


CARPENTERS HOME ESTATES,
INC., and HMS OF LAKELAND,
INC.,

     Petitioners,

v.

SANDRA K. SANDERS, as personal
representative of the Estate of Mary
Hurst Curry, deceased,

     Respondent.

Case No. 2D18-2608

Opinion filed June 12, 2019.

Petition for Writ of Certiorari to the
Circuit Court for Polk County; Michael
E. Raiden, Judge.

Thomas A. Valdez of Quintairos, Prieto
Wood & Boyer, P.A., Tampa, for
Petitioners.

Megan L. Gisclar, Joanna Greber
Dettloff, Jason R. Delgado, and James
L. Wilkes, II, of Wilkes & McHugh, P.A.,
Tampa; and Robert E. Salyer of Wilkes
& McHugh, P.A., Lexington, Kentucky,
for Respondent.

ROTHSTEIN-YOUAKIM, Judge.

In this proceeding on a petition for a writ of certiorari, Carpenters Home Estates, Inc., and HMS of Lakeland, Inc. (collectively, "the nursing home defendants"), challenge the trial court's order granting Sandra K. Sanders, as personal representative of the Estate of Mary Hurst Curry, leave to amend her negligence and wrongful-death action against them under chapter 400, Florida Statutes (2016), to include a claim for punitive damages. Because we agree that the court failed to comply with the procedural requirements of section 400.0237, we grant the petition and quash the order.

Pursuant to section 400.0237(1), "[a] claim for punitive damages may not be brought under this part unless there is a showing by admissible evidence that has been submitted by the parties that provides a reasonable basis for recovery of such damages when the criteria in this section are applied." Section 400.0237 creates "a substantive legal right" in chapter 400 proceedings "not to be subject to a punitive damages claim and ensuing financial worth discovery until the trial court makes a determination that there is a reasonable evidentiary basis for recovery of punitive damages." Cf. Globe Newspaper Co. v. King, 658 So. 2d 518, 519 (Fla. 1995) (so holding in the context of section 768.72, Florida Statutes (1993), the punitive-damages statute generally applicable to civil actions). Because a plenary appeal cannot restore a defendant's statutory right under section 400.0237, we have certiorari jurisdiction to determine whether the trial court complied with the procedural requirements of section 400.0237 in granting Sanders' motion for leave to amend. See Globe Newspaper Co., 658 So. 2d at 519-20 (holding that appellate courts have certiorari jurisdiction to review whether a trial court "has conformed with the procedural requirements of section

768.72" and "should grant certiorari in instances in which there is a demonstration by a petitioner that the procedures of section 768.72 have not been followed").

We conclude that it did not. When a plaintiff moves to amend a complaint under chapter 400 to assert a claim for punitive damages, the trial court must

> conduct a hearing to determine whether there is sufficient admissible evidence submitted by the parties to ensure that there is a reasonable basis to believe that the claimant, at trial, will be able to demonstrate by clear and convincing evidence that the recovery of such damages is warranted under a claim for direct liability . . . or under a claim for vicarious liability.

§ 400.0237(1)(b). To establish direct liability, the evidence would have to show that the nursing home defendants "actively and knowingly participated in intentional misconduct or engaged in conduct that constitutes gross negligence and contributed to the loss, damages, or injury suffered by the claimant." See § 400.0237(2). To establish vicarious liability, the evidence would have to show that an employee or agent of the nursing home defendants had engaged in the above conduct and that "an officer, director, or manager of [the nursing home defendants] condoned, ratified, or consented to the specific conduct." See § 400.0237(3).

As detailed in the trial court's order, the affidavit and deposition testimony of the estate's expert and the supporting documentation identify multiple appalling examples of staff dropping the ball when it came to Ms. Curry's care. But as commonsensical as it may seem that such incidents could only result from an institutional breakdown, the evidence did not support the court's attribution of the staff's conduct to the nursing home defendants under a theory of either direct or vicarious liability. Notwithstanding the expert's inadmissible assertion that "[t]he [nursing home]

- 3 -

and any other entity or person managing, supervising, or operating [the nursing home] and its staff deviated from the prevailing standards of care, as well as the regulations, and recklessly violated the resident rights of Mary Curry," see Crown Custom Homes, Inc. v. Sabatino, 18 So. 3d 738, 741 (Fla. 2d DCA 2009) (cautioning that "[r]egardless of the expertise of the witness, generally, and his familiarity with legal concepts relating to his specific field of expertise, it is not the function of the expert witness to draw legal conclusions" (quoting Palm Beach County v. Town of Palm Beach, 426 So. 2d 1063, 1070 (Fla. 4th DCA 1983))); Fuentes v. Sandel, Inc., 189 So. 3d 928, 934-35 (Fla. 3d DCA 2016) (concluding that trial court did not abuse its discretion in summary judgment proceeding in striking expert's affidavit "because it was permeated by improper legal conclusions"), none of the admissible evidence implicated the nursing home defendants even in ordinary negligence—by, say, a failure to adequately staff or a failure to adequately train—let alone in either intentional misconduct or gross negligence.  Nor did any of the admissible evidence indicate that any officer, director, or manager of the nursing home defendants had "condoned, ratified, or consented to" the actions and incidents of inaction by the staff that the order identified.  Indeed, the trial court's order identifies no such evidence.

The trial court, therefore, failed to ensure, based on sufficient admissible evidence, that there is a reasonable basis to believe that Sanders, at trial, will be able to demonstrate by clear and convincing evidence that the recovery of punitive damages is warranted against either or both of the nursing home defendants under a claim for either direct or vicarious liability.  Because the court did not follow the procedural requirements

of section 400.0237, we grant the nursing home defendants' petition and quash the order granting leave to amend.

Petition granted; order quashed.

KELLY and BLACK, JJ., Concur.