# Third District Court of Appeal

## State of Florida

Opinion filed April 19, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-0594
Lower Tribunal No. 09-41811
_____

**Maria Isabel Saad, et al.,**
Appellants,

vs.

**Charbel Abud,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Veronica Diaz, Judge.

Law Office of Alexis Gonzalez, P.A., and Alejandro F. Hoyos, and Alberto H. Orizondo, for appellants.

Shahady & Wurtenberger, P.A., and John J. Shahady (Fort Lauderdale), for appellee.

Before FERNANDEZ, C.J., and MILLER and BOKOR, JJ.

FERNANDEZ, C.J.

Maria Isabel Saad and Alexis Gonzalez, Saad's trial counsel, appeal the trial court's orders pertaining to the final judgment on the motion for sanctions entered against them and the denial of the motion to disqualify. Because the trial court failed to include the factual findings necessary to support its legal conclusion that the issues are so inextricably intertwined that allocation of time spent on establishing an enforceable contract was not possible, we reverse and remand the sanctions judgment with instructions. We affirm as to all other issues.

In the context of a breach of contract action, Charbel Abud filed a motion for sanctions pursuant to section 57.105(4), Florida Statutes (2012), seeking fees to be paid by the appellants for the unnecessary time spent preparing and litigating the appellants' affirmative defense that asserted that the contract at issue was unenforceable. The trial court, which had previously held that the contract was enforceable, determined that appellants knew or should have known that the affirmative defense was not supported by the material facts or was not supported by the application of then existing law to those material facts. As a result, the trial court granted the motion for sanctions.

After an evidentiary hearing to determine the amount of fees, the trial court entered the final judgment on the motion for sanctions. In the order, the

2

trial court named Abud's attorneys who testified "that establishing an enforceable contract, being the central issue in this case, was so inextricably intertwined with the other issues that allocation of the fees expended solely in establishing an enforceable contract is not possible, practical or feasible." The trial court also named Abud's fee expert who affirmed the same. The court summarily concluded that "the record evidence presented during this hearing, a review of the docket entries, and the testimony of [Abud's attorneys and expert]" satisfied the trial court that the issues were indeed inextricably intertwined. The trial court cited to <u>Lubkey v. Compuvac Systems, Inc.</u>, 857 So. 2d 966, 968 (Fla. 2d DCA 2003), which states that it is the burden of the party seeking attorneys' fees to allocate the fees to the issues or to show that the issues are so intertwined rendering allocation unfeasible. Commenting on Saad's fee expert's testimony, the trial court stated that the testimony was "not accurate nor feasible based on the evidence presented." The trial court then broke down the hourly rates for each of Abud's attorneys and the hours expended by each attorney. On this basis, the trial court found the cumulative lodestar amount owed to Abud to be $94,310.00.

3

Appellate courts are to review the issue of "whether the multiple claims are separate or intertwined under the de novo standard of review." <u>Crown Custom Homes, Inc. v. Sabatino</u>, 18 So. 3d 738, 740 (Fla. 2d DCA 2009).

We find that the trial court committed reversable error by failing to include in the final judgment on the motion for sanctions specific factual findings to support its legal conclusion that the issues are so inextricably intertwined that allocation of time spent solely on establish an enforceable contract was not possible. <u>See</u> <u>Id.</u> at 741 ("Here the trial court made no factual findings to support its legal conclusion that the counts were so intertwined as to make individual allocation of fees unfeasible. Additionally, the limited record before this court does not enable us to resolve that issue despite the scope of our review."); <u>Joyce v. Federated Nat'l Ins. Co.</u>, 228 So. 3d 1122, 1126 (Fla. 2017) ("The trial court must set forth 'specific findings' as to its determination of the number of hours, the hourly rate, and any reduction or enhancement factors."); <u>Haines v. Sophia</u>, 711 So. 2d 209, 211 (Fla. 4th DCA 1998) ("It is an exceedingly painstaking and time consuming task to sort through, as here, numerous time sheet entries and assess their context and amounts. It is, however, a necessary evil that trial judges make the effort.").

For the reasons stated, we reverse and remand the final judgment on the motion for sanctions with instructions for the trial court to make factual findings to support its legal conclusion that the issues are so inextricably intertwined that allocation of time spent solely on establishing an enforceable contract was not practical, feasible, or possible. We recognize that the judge who issued the order has since recused herself from this case. To the extent that the successor judge is unable to make the requisite findings based on a review of the existing record, the trial judge is free to order a new evidentiary hearing and come to his or her own legal conclusions based on the evidence presented. We affirm as to all other issues.

Affirmed in part; Reversed and remanded in part with instructions.