DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

KOVAR LAW GROUP, PLLC,

Appellant,

v.

JENNIFER JORDAN,

Appellee.

No. 2D23-279

_____

February 23, 2024

Appeal from the County Court for Pinellas County; Lorraine Kelly, Judge.

Sean P. Saval of Kovar Law Group, PLLC, St. Petersburg; and Wesley T. Dunaway of Kovar Law Group, PLLC, Orlando (substituted as counsel of record), for Appellant.

Jennifer L. Jordan of Jennifer Jordan Law, PLLC, Brandon, for Appellee.

ROTHSTEIN-YOUAKIM, Judge.

Kovar Law Group appeals the trial court's order awarding attorney's fees to Jennifer Jordan and her cocounsel Kyle Lee under section 448.08, Florida Statutes (2022). Kovar contends that the court erred by awarding fees under that statute without first determining whether Jordan had been Kovar's employee. Kovar also insists that there was insufficient evidence to support the amount of the fee award. We agree with Kovar in both respects and therefore reverse and remand for further proceedings consistent with this opinion.

Jordan, an attorney, filed a one-count complaint against Kovar seeking money damages under an unjust enrichment theory. She alleged that Kovar, a law firm, had hired her to help resolve personal injury cases for its clients and that for at least one of those cases, Kovar had failed to pay her for her work. She demanded attorney's fees under section 448.08, which states, in its entirety: "**Attorney's fees for successful litigants in actions for unpaid wages.**—The court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee." Jordan alleged further that she had been an employee of Kovar and that the amounts Kovar owed her qualified as "wages."

Jordan served a proposal for settlement on Kovar to resolve her unjust enrichment claim, offering to take $2,400 to satisfy a claim that she had valued at $2,800. She made her proposal "exclusive of any and all claims that were made (or could be made) by [Jordan], for attorney's fees, paralegal fees, and costs, which are a part of [Jordan's] claims and this lawsuit." The proposal also required that Kovar execute a general release, which provided in part: "[Jordan] and [Kovar] do not admit any wrongdoing or liability, but have determined to settle and compromise the claims asserted in order to avoid the financial expense and burden of protracted and complex litigation and to otherwise reestablish amicable relations between them." Kovar accepted the proposal and signed the release.

Jordan then moved for fees. Relying on *Dufresne v. DaimlerChrysler Corp.*, 975 So. 2d 555 (Fla. 2d DCA 2008), she claimed that although she had not recovered a judgment, she necessarily was a "prevailing party" under section 448.08 because Kovar had accepted her proposal to resolve the unjust enrichment claim. Kovar countered that

2

even if Jordan had "prevailed" on her unjust enrichment claim, she was still required to demonstrate that she had been an employee of Kovar to obtain fees under section 448.08. Kovar then presented extensive evidence that Jordan had instead been an independent contractor.

Ultimately, the trial court concluded that because Kovar had accepted Jordan's proposal for settlement, the court did not need to decide whether Jordan had been an employee or an independent contractor. According to the court, Kovar's acceptance of the proposal automatically made Jordan a "prevailing party" entitled to fees under section 448.08.

The court then set an evidentiary hearing to determine the fee award. Before the hearing, both Jordan and cocounsel Lee submitted time records and expert affidavits to support their fee claims.

At the hearing, however, Kovar refused to stipulate to the admission of the time records or the expert affidavits, and for reasons that are unclear, neither Jordan nor Lee moved their time records into evidence. Although Lee testified regarding his hours worked, Jordan never testified regarding hers. And although Jordan presented expert testimony to support her fees, Lee presented none to support his. The trial court nevertheless awarded several thousand dollars in fees to each.

"[W]hen the trial court's determination of which party prevails depends on the interpretation of a statute . . . , we apply a de novo standard of review." *Tubbs v. Mechanik Nuccio Hearne & Wester, P.A.*, 125 So. 3d 1034, 1039 (Fla. 2d DCA 2013) (citing *T & W Devs., Inc. v. Salmonsen*, 31 So. 3d 298, 301 (Fla. 5th DCA 2010)); *see also Bain Complete Wellness, LLC v. Garrison Prop. & Cas. Ins. Co.*, 356 So. 3d 866, 870–71 (Fla. 2d DCA 2022) ("[T]o the extent a trial court's order on fees is based on an issue of law, this court applies de novo review." (quoting

3

*Rivera Chiropractic, Inc. v. Rosello*, 336 So. 3d 409, 413 (Fla. 2d DCA 2022))).

Ordinarily, a party prevailing on an unjust enrichment claim bears its own fees. *See Trytek v. Gale Indus., Inc.*, 3 So. 3d 1194, 1199 n.3 (Fla. 2009) ("At common law, each party was required to pay its own attorneys' fees in all actions and therefore we have generally adhered to the principle that statutes awarding attorneys' fees should be strictly construed."); *see also Della Ratta v. Della Ratta*, 927 So. 2d 1055, 1060 n.2 (Fla. 4th DCA 2006) ("In Florida, all implied contract actions, including unjust enrichment, 'were part of the action of assumpsit, which was an action at law under the common law.' " (quoting *Com. P'ship 8098 Ltd. P'ship v. Equity Contracting Co.*, 695 So. 2d 383, 390 (Fla. 4th DCA 1997))). Here, however, Jordan's common law unjust enrichment claim against Kovar included a tag-along demand for fees under section 448.08. *See Baker v. Fid. Mortg. Direct Corp.*, No. 8:10-CV-2596-T-24TBM, 2011 WL 1560665, at *2 n.4 (M.D. Fla. Apr. 25, 2011) ("Section 448.08 does not create a cause of action for unpaid wages; it relates only to the award of attorneys' fees for prevailing parties in an action for unpaid wages brought pursuant to some other law.").

Even so, only employees may recover fees under section 448.08; independent contractors may not. *See Skylink, Inc. v. Titus*, 745 So. 2d 377 (Fla. 4th DCA 1999) (affirming jury verdict in favor of salesman under an oral contract but remanding for a determination of whether the salesman was an employee entitled to fees under section 448.08); *see also Shelly L. Hall, M.D., P.A. v. White*, 97 So. 3d 907, 908 (Fla. 1st DCA 2012) ("Under section 448.08, Florida Statutes, attorney's fees and costs may be awarded to the prevailing party in an action for unpaid wages. However, section 448.08 does not apply to independent contractors.").

And whether Jordan qualifies as one or the other has yet to be resolved. Her technical employment status is not relevant to any element of her unjust enrichment claim. *See Ruck Bros. Brick, Inc. v. Kellogg & Kimsey, Inc.*, 668 So. 2d 205, 207 (Fla. 2d DCA 1995) (describing the elements of an unjust enrichment claim as "a benefit conferred upon a defendant by the plaintiff, the defendant's appreciation of the benefit, and the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof" (citing *Rite–Way Painting & Plastering, Inc. v. Tetor*, 582 So. 2d 15, 17 (Fla. 2d DCA 1991))). Consequently, Kovar's acceptance of the proposal for settlement cannot be interpreted as a concession that she was an employee. Rather, per the proposal, Kovar conceded *at most* that there was no need for a factfinder to decide the elements of the unjust enrichment claim—an understanding consistent with the provision that the proposal is "exclusive of any and all claims" for fees.

The trial court may have been persuaded that Jordan was automatically entitled to fees under section 448.08 based on *Dufresne*, 975 So. 2d 555. In that case, the plaintiff had brought a claim under the federal Magnuson-Moss Warranty Act (MMWA) and had subsequently accepted a proposal for settlement made by the defendant. *Id.* at 557. We determined that the plaintiff could be considered a "prevailing party" under the MMWA for fee purposes even though he had not received a judgment or consent decree in his favor:

> [A] settlement agreement entered into pursuant to an offer of judgment is . . . judicially enforceable because the offer of judgment statute states that "[u]pon filing of both the offer and acceptance, the court has full jurisdiction to enforce the settlement agreement." *See* § 768.79(4). We therefore conclude that the settlement here is the functional equivalent of a consent decree and that Dufresne is not precluded from

5

> claiming entitlement to attorney's fees under the MMWA simply because he accepted the proposal for settlement. We note, however, that in so holding we are not deciding Dufresne's ultimate entitlement to an award of fees. We are simply holding that he is not precluded from being considered a prevailing party because he accepted the proposal for settlement. Whether a prevailing party should be awarded fees is left to the discretion of the trial court.

*Id.* at 557–58.

But although *Dufresne* supports the conclusion that Jordan is a "prevailing party" on her unjust enrichment claim based on Kovar's acceptance of her proposal for settlement, it does not get her across the finish line. If a consumer is victorious on a claim under the MMWA, all the court has left to decide is whether to exercise its discretion to award fees. That is because the MMWA provides for a discretionary award of fees to a consumer who "finally prevails" in a lawsuit brought under the Act. 15 U.S.C. § 2310(d)(2). Here, in contrast, notwithstanding that Jordan has prevailed on her *common law* claim, she cannot recover statutory fees under section 448.08 without an additional factual finding that she was an employee of Kovar.

We therefore reverse the trial court's entitlement order and remand for the court to determine whether Jordan was an employee of Kovar at the relevant time. If it finds that she was, the court must then determine whether to exercise its discretion to award fees under section 448.08.

We caution, however, that even if the trial court makes the requisite finding on remand to support entitlement and exercises its discretion to award fees, it may not simply reinstate the fee award. "Fee awards must be supported by 'a predicate of substantial competent evidence in the form of testimony by the attorney performing services *and* by an expert as to the value of those services.' " *Mitchell v. Flatt*, 344 So. 3d 588, 592 (Fla. 2d DCA 2022) (quoting *Cooper v. Cooper*, 406 So.

6

2d 1223, 1224 (Fla. 4th DCA 1981)). But Jordan did not introduce her time records into evidence or testify regarding the hours she worked. *See Morton v. Heathcock*, 913 So. 2d 662, 670 (Fla. 3d DCA 2005) ("And while these attorneys did file affidavits and detailed time statements delineating the nature and extent of their services, neither the affidavits nor the time records were authenticated or introduced into evidence."); *see also Wolkoff v. Am. Home Mortg. Servicing, Inc.*, 153 So. 3d 280, 281–82 (Fla. 2d DCA 2014) ("A document that was identified but never admitted into evidence as an exhibit is not competent evidence to support a judgment." (citing *Correa v. U.S. Bank Nat'l Ass'n*, 118 So. 3d 952, 955 (Fla. 2d DCA 2013))). And Lee presented no expert testimony whatsoever to support his fee claim. *See Crittenden Orange Blossom Fruit v. Stone*, 514 So. 2d 351, 352–53 (Fla. 1987) ("[I]t is well settled that the testimony of an expert witness concerning a reasonable attorney's fee is necessary to support the establishment of the fee."); *see also Snow v. Harlan Bakeries, Inc.*, 932 So. 2d 411, 412 (Fla. 2d DCA 2006) ("They [Harlan Bakeries' trial and appellate attorneys] both testified at the attorney's fee hearing that they thought their fees were reasonable. However, there was no testimony from an expert witness on the reasonable amount of the fees. Therefore, the trial court erred in establishing the amount of attorney's fees." (footnotes omitted)).

Because the record is not "completely devoid of evidence" supporting Jordan's and Lee's fees, however, *see id.* at 413, under the facts of this case we deem it appropriate that they should be given the opportunity to provide further evidence supporting the amounts they claim—provided, of course, that the trial court finds entitlement on remand. *See id.* (remanding to permit the trial court to take further evidence where the trial and appellate attorneys had provided sworn

7

affidavits on their fees but failed to provide expert testimony); *see also Rodriguez v. Campbell*, 720 So. 2d 266, 268 (Fla. 4th DCA 1998) ("[W]hen the record contains some competent substantial evidence supporting the fee or cost order, yet fails to include some essential evidentiary support such as testimony from the attorney performing the services, or testimony from additional expert witnesses, the appellate court will reverse and remand the order for additional findings or an additional hearing, if necessary.").  Accordingly, we reverse the fee award and remand for further proceedings consistent with this opinion.

Reversed and remanded for further proceedings.

CASANUEVA and LUCAS, JJ., Concur.

_____

Opinion subject to revision prior to official publication.