# Third District Court of Appeal
## State of Florida

Opinion filed March 12, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0568
Lower Tribunal No. 10-30306-CA-01
_____

**Ino Halegua, et al.,**
Appellants,

vs.

**Victor Lerner, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Ariana Fajardo Orshan, Judge.

Jones & Adams, P.A., Matthew L. Jones and Eric S. Rojo-Dotel; Joel S. Perwin, P.A., and Joel S. Perwin, for appellants.

Charlip Law Group, LC, and David H. Charlip, for appellees.

Before LOGUE, C.J., and GORDO and BOKOR, JJ.

GORDO, J.

Ino Halegua, Oresco Enterprises, LLC, Exclusive Escapes, LLP, Inc. and Nervia Enterprises, LLC (collectively, "Halegua"), the defendants below, appeal the trial court's entry of two orders finding Victor Lerner, Citigroup Realty, LLC and City Realty Group International, LLC (collectively, "Lerner"): (1) were entitled to attorney's fees and costs (the "Entitlement Order"); and (2) were to be awarded fees and costs without the amount being allocated by claim because the issues were inextricably intertwined (the "Fee Order"). We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). We affirm the Entitlement Order without further discussion. We reverse, however, the Fee Order.

"We review whether the multiple claims are separate or intertwined under the de novo standard of review." Crown Custom Homes, Inc. v. Sabatino, 18 So. 3d 738, 740 (Fla. 2d DCA 2009) (citing Ocean Club Cmty. Ass'n v. Curtis, 935 So. 2d 513, 516 (Fla. 3d DCA 2006)).

On appeal, Halegua argues the trial court erred when it found, based on conclusory expert testimony, the issues were inextricably intertwined and therefore fees could not be allocated. Because the record before us reveals that the expert testimony offered below was conclusory in nature and lacked any factual foundation, we find the trial court's finding that the issues were inextricably intertwined is unsupported by competent, substantial evidence.

2

Accordingly, we are compelled to reverse the Fee Order and remand for additional findings or an additional hearing, if necessary, to make the required findings.[1]  See Crown, 18 So. 3d at 740 ("The party seeking fees has the burden to allocate them to the issues for which fees are awardable or to show that the issues were so intertwined that allocation is not feasible." (quoting Lubkey v. Compuvac Sys., Inc., 857 So. 2d 966, 968 (Fla. 2d DCA 2003))); Lubkey, 857 So. 2d at 968 ("At the attorneys' fee hearing [Appellee] presented an expert witness who claimed that all the issues in the complaint were interrelated.  But he did not explain why; nor did he testify that he had made any attempt to allocate the time expended to the particular counts of the complaint.  On cross-examination, the expert could not explain with any

---

[1] See Lubkey, 857 So. 2d at 968 (reversing and remanding with directions to hold a new fee hearing); Smith v. Short, 332 So. 3d 1064, 1068 (Fla. 2d DCA 2021) ("[W]hen the record contains some competent substantial evidence supporting the fee or cost order, yet fails to include some essential evidentiary support such as testimony from the attorney performing the services, or testimony from additional expert witnesses, the appellate court will reverse and remand the order for additional findings or an additional hearing[.]" (quoting Diwakar v. Montecito Palm Beach Condo. Ass'n, Inc., 143 So. 3d 958, 961 (Fla. 4th DCA 2014))); Crown, 18 So. 3d at 741 ("On remand, the trial court shall hold a new hearing to consider both the application of Trytek to the facts of the case and to determine whether allocation of fees was appropriate.  The trial court shall make appropriate factual findings to support its conclusions regarding these matters to ensure a complete record . . . . We caution that 'regardless of the expertise of the witness, generally, and his familiarity with legal concepts . . . it is not the function of the expert witness to draw legal conclusions.  That determination is reserved to the trial court.'") (citation omitted).

certainty how numerous entries on [Appellee's] attorneys' time sheets related to the breach of the settlement agreement . . . [Appellee] failed to meet its burden of proving either that all its attorneys' fees were related to its count for breach of the settlement agreement or that the issues were so intertwined that the fees could not be allocated.  The expert's opinion, lacking any factual foundation, was not competent proof."); Arkin Constr. Co. v. Simpkins, 99 So. 2d 557, 561 (Fla. 1957) ("It is elementary that the conclusion or opinion o[f] an expert witness based on facts or inferences not supported by the evidence . . . has no evidential value.").

Affirmed in part; reversed in part and remanded with instructions.